STATE v. YEATES.*

(Division A.   Oct. 12, 1925.)

[105 So. 498.   No. 24175.]

1. EMBEZZLEMENT. *Indictment against member of county board of supervisors not bad in describing him as supervisor.*

Indictment for embezzlement of county property is not bad in charging defendant was supervisor for beat one of first district of county, instead of a member of board of supervisors of district one; the officer, while referred to by statute and chapter on boards of supervisors as a member of the board of supervisors, being described in the road chapter as a "supervisor," so that defendant was fully informed as to the office.

2. INDICTMENT AND INFORMATION. *Indictment charging commission while defendant was in office not bad for charging date as day after expiration of term.*

Indictment for embezzlement, charged as committed while defendant was in office, is not bad because charging the date as the day after expiration of his term, in view of Hemingway's Code, section 1184 (Code 1906, section 1428), as to allegation of time in indictment; time not being of the essence of the crime.

3. EMBEZZLEMENT. *Single member may embezzle property coming into possession of board.*

Though property comes into possession of an entire board of supervisors, one of the members may be guilty of embezzlement thereof.

4. EMBEZZLEMENT. *Property bought for road purposes in possession of county board of supervisors.*

Possession of property bought for road construction purposes by county board of supervisors, under authority of Hemingway's Code, sections 7151, 7155, not being designated in some other person, is in the board, relative to embezzlement thereof by a board member.

5. EMBEZZLEMENT. *Held sufficiently charged against member of county board of supervisors.*

Embezzlement, under Hemingway's Code, section 869 (Code 1906, section 1141), *held* sufficiently charged by indictment against member of county board of supervisors.

---

*Headnotes 1. Embezzlement, 20 C. J., Section 70; 2. Indictments and Informations 31 C. J., Section 209; 3. Embezzlement, 20 C. J., Section 10; 4. Embezzlement, 20 C. J., Section 10; 5. Embezzlement, 20 C. J., Section 70.

APPEAL from circuit court of Coahoma county, second district.

HON. W. A. ALCORN, Judge.

Demurrer to indictment for embezzlement against Dr. N. Yeates was sustained, and the state appeals. Reversed and remanded.

*F. S. Harmon,* Assistant Attorney-General, for the state.

This is an appeal by the state from the judgment of the circuit court of Coahoma county, second judicial district, sustaining a demurrer to an indictment against Dr. Yeates for embezzlement. It is the contention of the state that the indictment is sufficient and that the demurrer should, therefore, have been overruled.

It is submitted that the seven specifications set forth in this indictment state every ingredient of this statutory crime necessary to be alleged. We ask the court to compare the indictment with section 868, Hemingway's Code, section 1141, Code of 1906, section 1063, Code of 1892, the pertinent provisions of this statute being as follows: "If . . . . any county officer, or an officer in any district or subdivision of the county . . . . shall unlawfully convert to his own use any money or other valuable thing which comes to his hands or possession by virtue of his said office . . . he shall on conviction be imprisoned in the penitentiary," etc.

Be it noted that the indictment in the case at bar charges Dr. Yeates with being then and there supervisor of Beat No. 1 Coahoma county, and charges him with unlawfully converting valuable property which came into his hands by virtue of his office. It thus appears that the statute was substantially followed in the drafting of this indictment.

It is insisted that the indictment is fatally defective in that it names no officer known to the Constitution and laws of the state. It is true that in the chapter on board of supervisors the elaborate phrase "member of the board of supervisors" is used, but the term "supervisor for Beat No. 1 Coahoma county" is a less circuitous method for expressing the same thing, and no other meaning could possibly be given to the expression used than that it means the member of the board of supervisors from Beat No. 1. It is unthinkable that this indictment would be held defective on such a technicality. The fundamental idea in the indictment is to advise the accused as to the grounds of the charge with sufficient precision to enable him to prepare his defense, and with sufficient particularity to enable him to interpose a plea of *autre fois acquit.* The present indictment contains the necessary averments.

Nor is there merit in the second contention that the term of office of the defendant expired on January 6,

1924, and that he could not have performed any official act on January 7th. Granting that this be true, for the sake of argument, demurrer is not the proper method by which to raise the question. The court cannot take judicial notice of the matter, for even if the court does take judicial notice that the term of office of supervisors ended on January 6, 1924, the court could not take judicial notice as to whether or not this defendant had been re-elected and so continued to hold over, or as to whether or not his successor had been elected and qualified, so as to prevent his holding over. These matters would necessarily have to be proved and a demurrer is an ineffective way to raise this issue.

Furthermore, section 1184, Hemingway's Code specifically provides that an indictment shall not be insufficient for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment, etc. Therefore this defect in the indictment, if it be a defect, could have been remedied by an amendment which might properly have been allowed. Time is not of the essence here and cases cited under the Code section above quoted are conclusive. *Carlisle* v. *State*, 73 Miss. 387, 19 So. 207.

The legislative intent in enacting section 1184 is quite clear and under the decision of this court, we are confident that there is no merit in this contention of the defendant. The other grounds of demurrer, to our minds, are completely answered without a detailed and elaborate discussion, by simply referring to *State* v. *Murphy* (1921), 86 So. 868.

Nor are we unmindful of *State* v. *Jones* (1912), 102 Miss. 89, 58 So. 782, wherein an indictment for embezzlement under this same statute as embodied in section 1063, Code of 1892, was held to be defective on demurrer. Be it noted, however, that the court's decision rests on the ground that, "There is no averment that the defendant, who it is averred was president of the board of supervisors, received the money by virtue of his office, or by

the color of his office, or by reason of the fact that he was president of the board.''

The present indictment specifically charges that Dr. Yeates ''*did then and there by virtue of his said office of supervisor . . . and while acting and serving as such supervisor . . .* '' have in his hands and under his charge this property of Coahoma county.

The Jones case, therefore, is in no sense an authority against our contention, but when read in connection with the language of this indictment, furnishes additional support for the contention of the state.

A second indictment charging the embezzlement of three hundred and seventy (370) gallons of gasoline of the value of fifty dollars, the other averments thereto being identically the same, is contained in this same record, to which indictment the same grounds of demurrer were interposed, and said demurrer sustained. The two causes should, therefore, be considered together and the argument presented to this court with regard to the first indictment is equally applicable to the second.

In the light of the cases cited it seems clear that the trial court erred in sustaining the demurrer, and the state insists that this cause should be reversed and remanded for trial on the merits.

*Cutrer & Smith,* for appellee.

I. The first ground of the demurrer is that: The said indictment undertakes to charge the said defendant as a public officer, and yet it names no officer known to the Constitution and laws of the state of Mississippi. This indictment is drawn under section 869, Hemingway's Code.

Therefore, we submit that unless the indictment as set out, charges specifically a county officer, or an officer in any district or subdivision of the county, with the subject-matter sought to be charged, the first ground of the demurrer was properly sustained. There is no such

officer of any county or any district, or subdivision of the county, known to the law of the state of Mississippi, which could come under the designation of "supervisor." The county has no supervisor, nor has any district or subdivision of the county a supervisor. The law relating to the governing of a county provides for a board of supervisors, which shall carry on the business of the county. The constituency of this board is spoken of in the law relating thereto as members of the board of supervisors. The board of supervisors is the supervisor of the county, but is not composed of an individual, but of a board consisting of a number of individuals, who are members of the board of supervisors, which said members of the board of supervisors, functioning as a board, constitute the governing body of the county, or the supervisor of the county.

Dr. N. Yeates as an individual in order to be charged with the statutory crime of embezzlement, must be acting in some fiduciary capacity to a principal. Otherwise, the crime of embezzlement could not against him be charged. Inasmuch as Dr. N. Yeates was not a supervisor of Coahoma county, for the reason that there is no such officer of Coahoma county known as a supervisor, then the statutory crime of embezzlement could not be charged against him. Section 170 of the Constitution.

A long line of authorities hold that where a statutory offense, not known to common law, is sought to be charged, it must either be in the language of the statute, or the parties and the office designated with that degree of certainty that admits of no doubt whatever. *Harrington* v. *State,* 54 Miss. 490; *Finch* v. *State,* 64 Miss. 461; *State* v. *W. H. Bardwell,* 72 Miss. 535; 20 C. J. 476, sec. 70.

II. The next ground of the demurrer is that the indictment shows on its face that the alleged term of office of the defendant expired on January 6, 1924, and that he could not have performed any official act on the

day named in the indictment, to-wit: the 7th day of January, 1924. Of course if the defendant was not, on the day and date alleged in the indictment, an officer of the county, under no possible hypothesis could he be charged with embezzlement while acting as a public official.

III. The next ground of the demurrer is that the indictment does not state any facts from which it appears that the defendant had any duty to perform as an officer, with respect to any property of Coahoma county, and especially the certain property sought to be described in the said indictment; and no such property is accurately or properly described therein.

The indictment does not charge that it was the duty of the defendant, by virtue of his office, to have anything to do with the mule attempted to be described in the indictment, unless there is some fact charged in the indictment which would attach the mule to the defendant in his official capacity, then he could not have embezzled the mule, because it was in no sense of the word, in his lawful custody, and the crime of embezzlement could not be charged against him. If the defendant, even though a member of the board of supervisors, had taken a mule, which was the property of the county, then perhaps he may be charged with the crime of larceny, but certainly unless some fact is alleged in the indictment, that the defendant in his official capacity, had some duty to perform, as an officer of the county, with respect to the mule, the crime of embezzlement could not be charged against him.

IV. The fourth ground of indictment is that the indictment does not charge that the mule came into the hands and possession of the defendant, in his capacity as a public officer, and *while so in his hands and possession,* he embezzled the same. The indictment merely charges that "by virtue of his said office of supervisor aforesaid, and while acting and serving as such super-

visor aforesaid, did then and there have in his hands, in his charge and under his control one certain mule, etc." The indictment therefore does not charge: "that while so in his hands and possession, he embezzled the same." It is necessary and essential, as an element of the crime and the gravamen of the offense is, that while an officer of the county had in his possession the mule in question, and it was his duty, under the law, to have the mule in his possession, and while so in his official possession, he embezzled the same. In the absence of these allegations, the indictment is fatally defective.

V. The next ground is that the defendant was not authorized by law to have or hold in his possession any property of Coahoma county, and the indictment shows that he had no property of said county in his hands or possession, as an officer of the said county, and that he could not have been guilty of embezzlement, as thought to be charged against him.

A member of a board of supervisors has, and by virtue of said office alone has no authority under the law to any of the property or thing of value, belonging to the county. It acts as a board, and as a board alone. As individuals, they have no authority and their only and whole authority is while acting as a board. The actions of the board, and the action of the board of supervisors is evidenced by the minutes of the board, and not by the individual action of the individual officer. *City of Grenada* v. *Grenada County,* 115 Miss. 831; *Northern Drainage District* v. *Bolivar County,* 111 Miss. 250; *Jefferson County* v. *Grafton,* 74 Miss. 435; *Gilchrist Fordney Co.* v. *Keys, et al.,* 113 Miss. 742.

The indictment, therefore, attempts to charge the defendant with a crime which it is impossible for him to commit.

McGOWEN, J., delivered the opinion of the court.

This is an appeal from the circuit court of the second district of Coahoma county, Miss., from a judgment

sustaining a demurrer to an indictment charging the appellee with the crime of embezzlement of one mule of the value of one hundred dollars. Leaving off the formal part, the indictment is as follows:

"That Dr. N. Yeates, late of the county aforesaid, on the 7th day of January, A. D., 1924, with force and arms in the district and county aforesaid, and within the jurisdiction of this court, he being then and there a duly elected, qualified, and acting supervisor of Coahoma county, Miss., in and for beat 1 of the said First judicial district of Coahoma county, Miss., did then and there, by virtue of his said office of supervisor aforesaid, and while acting and serving as such supervisor aforesaid, did then and there, have in his hands, in his charge, and under his control, one certain mule of the value of one hundred dollars in good and lawful money of the United States of America, a further description of which said mule is to the grand jurors unknown, the property of Coahoma county, Miss., did then and there, with the willful, unlawful, fraudulent, and felonious intent of him the said Dr. N. Yeates then and there, to cheat and defraud the county of Coahoma, Miss., aforesaid, of its money and property aforesaid, willfully, unlawfully, fraudulently, and feloniously embezzle the same, and did then and there willfully, unlawfully, fraudulently, and feloniously conceal, secrete, and convert to his own use."

There are eleven grounds of demurrer, all of which we shall not quote or set out in the record.

· The demurrer challenges the indictment because it names Dr. N. Yeates as supervisor of beat 1, etc., when the demurrer contends that the indictment should have charged that he was a member of the board of supervisors of district 1, etc. Considering these together, we do not think there is any merit to these technical objections, and, the district attorney having requested the court for permission to amend the indictment in these respects, the court, in our opinion, should have permitted the amendments, but we think the phrase used is suffi-

ciently descriptive of the office held by Dr. Yeates. True it is that the statute and chapter on boards of supervisors refers to this officer as a member of the board of supervisors, but in the road chapter we find the same officer described as a "supervisor." So that we think the defendant was fully informed as to the office which he held, and should not be discharged upon these grounds of demurrer.

The indictment is next challenged because it charges the date of the alleged crime as the 7th day of January, 1924, and that the defendant's term of office had expired on the 6th day of January. It will be noted that the body of the indictment charges the crime as having been committed while he was in office, and this mere clerical error in the naming and fixing of the date will not avail to discharge the defendant as time is not of the essence of the offense. See section 1184, Hemingway's Code (section 1428, Code of 1906).

The next challenge of the indictment is that the defendant was not authorized by law to have or hold in his possession any property of Coahoma county, and the indictment shows that he had no property in his hands or possession as an officer of said county, and that he could not have been guilty of embezzlement as sought to be charged against him, or that the property came into his possession in his capacity as a public officer, and that, while so in his hands, he embezzled the same. The indictment very clearly recites that he did then and there, by virtue of his said office of supervisor aforesaid, and while acting and serving as such supervisor aforesaid, did then and there have in his hands, in his charge, and under his control, one certain mule. The language is broad enough to charge the defendant with having the mule in his possession by virtue of his office; that it was in his charge and under his control; and that it was the property of Coahoma county.

The only question raised by these sections of the demurrer is that no property could lawfully come into

the possession of a member of the board of supervisors by virtue of his office or by color of his office, and because, if any such property came into the possession of a supervisor, it was in possession of the entire board. The latter statement is not worthy of serious notice, because, if the entire board came into the possession of property, and one member thereof converted the property to his own use, and committed the crime of embezzlement, we know of no authority that would relieve him, because, forsooth, others had a right to the possession as well as he of the property. But does property come into possession of a member of the board of supervisors lawfully?

Section 7151, Hemingway's Code, authorizes the board of supervisors to purchase teams, implements, and material, and employ labor and work, and construct public roads and bridges under the direction of a competent commissioner, and the board of supervisors may do any and all things necessary to be done to work and construct the public roads, etc. In the opinion of the court this section authorizing the purchase and authorizing the board to do any and all things necessary to the carrying out of the scheme proposed clearly puts the possession of the property of the county used under that section in the possession of the board, and, if one member of the board appropriates property in the board's possession to his own use and embezzles same, he may be indicted and punished therefor. But it may be argued that this statute authorizes this to be done under the direction of a competent commissioner. But the power to purchase implies all that is necessary to the completion of a sale, and in our opinion will put the possession of the property thus purchased in the board. But section 7155, Hemingway's Code, authorizes the purchase of teams, implements, and material, and does not require that the board employ any person, but that the board itself would do all things necessary to have the work done on the road. And naturally each supervisor would have control of the work, material, and teams used in

his particular district, and, if while the property was thus in his possession, he sold same, and converted the money to his own use, he would be in possession of the property of the county by virtue of his office as a supervisor. Certainly the possession of the county's property purchased by the board of supervisors not designated in some other person would be in the purchasing agency, to-wit, the board of supervisors. We know that costly machines, teams, and implements are being purchased throughout the state of Mississippi by the boards of supervisors, and under the sections we have cited the possession of the property of the county thus acquired is bound to be in the members of the board of supervisors. It comes to them by virtue of their office, and, if they embezzle it, they should be held to strict account.

We think the indictment sufficiently charged the defendant with the crime of embezzlement, and we do not think that any of the objections urged are sound, or that there is any fatal defect in the indictment. It sufficiently charges the crime of embezzlement under section 869, Hemingway's Code (section 1141, Code of 1906). The demurrer to the indictment should not have been sustained by the court. What we have said with reference to the indictment for the embezzlement of the mule applies to the separate indictment in the record charging the defendant with the embezzlement of three hundred and seventy gallons of gasoline.

*Reversed and remanded.*