294 So.2d 472 (1974)
Paul SISK
v.
STATE of Mississippi.
No. 47912.
Supreme Court of Mississippi.
May 13, 1974.
*473 Mitchell, Rogers & Eskridge, Tupelo, Ralph E. Pogue, Aberdeen, for appellant.
A.F. Summer, Atty. Gen., by Billy L. Gore, Special Asst. Atty. Gen., Jackson, for appellee.
PATTERSON, Justice:
Paul Sisk appeals from an embezzlement conviction for which he was sentenced to five years in the state penitentiary by the Circuit Court of Monroe County. The indictment charged that by virtue of his office as a member of the board of supervisors the appellant had in his care and possession certain motor grader and bulldozer parts, the property of Monroe County, valued at $1562.60 which he embezzled by converting to his own use.
The appellant had served as supervisor for District No. 5 of Monroe County for more than thirty years prior to 1970. The indictment covered purchases of motor grader and bulldozer parts for the years 1965 to 1968. During this interval Supervisor's District No. 5 owned four caterpillar motor graders. These were a 112 motor grader, serial No. 81C33, referred to as the "C" machine; a 212 motor grader referred to as the "U" machine; a 12 motor grader referred to as the "T" machine; and a 212 motor grader referred to as the "R" machine. The district did not own either a 112 caterpillar motor grader, serial No. 2M-148, referred to as the "M" machine, or a D7-3T bulldozer. The latter two machines, for which the parts charged to have been embezzled were suitable as replacements, had at one time belonged to the appellant. However, on August 15, 1964, they had been conveyed to one R.G. Check although remaining on the premises of the appellant and subject to his control.
The possession of the motor grader and bulldozer parts mentioned in the indictment involved six invoices of Taylor Machinery Company from its places of business in Memphis, Tennessee, or Tupelo, Mississippi. Exhibits 1 through 5 of the state comprise claims filed for payment to the Taylor company as a debt of District No. 5. Each contains a statement of account with the invoices attached. They list the machinery parts alleged to have been embezzled by descriptive names and specific numbers, for example, Exhibit No. 1 relating to machine No. 112-2M-148, "Part No. 6B-48-Bolt," and "Part No. 1B-4101-Bearing." A copy of a county warrant is attached to each exhibit indicating payment of the purchase price from the road funds of Supervisor's District No. 5. It appears that payment was approved by the appellant and the claims were allowed and satisfied by county warrants.
The invoices each had a blank in the upper right-hand corner reading "Machine No. ____." In this space on three *474 of the invoices there was inserted the number 112-2M-148 (the motor grader previously owned by Sisk). Another invoice bore the notation 2M-148 (again the motor grader of Sisk), another, D7-8T (the bulldozer previously owned by Sisk), and in another the space was left blank.
The state offered no evidence that all of the machinery parts listed on the six invoices were embezzled. Its testimony was limited to an attempt to prove the conversion to the appellant's own use of certain parts listed on the invoices which were suitable for the machines previously owned by him. In State's Exhibit No. 1 only one part from an invoice listing twenty-six parts was charged to have been embezzled. In Exhibit No. 2 four parts from a total of eighteen were alleged to have been embezzled. In Exhibit No. 3 there were two invoices listing a total of twenty-two parts of which three parts were alleged to have been embezzled. In Exhibit No. 4 nine parts were listed on the invoice of which three were alleged to have been embezzled. Exhibit No. 5 listed one part of a value of $38.70 and this part was alleged to have been embezzled.
Leith Roye, parts manager for the Tupelo branch of Taylor Machinery Company, was called as a witness for the state. He testified that of the twelve parts specified in the indictment as having been embezzled none would fit the "C", "U", "T", or "R" machines owned by Supervisor's District No. 5, but the first nine items in the indictment would fit a machine similar to the "M" motor grader and the last three items would fit a "D7" bulldozer. Stated more succinctly, the twelve parts would fit machines identical to the motor grader and bulldozer formerly owned by Sisk.
The appellant has filed several assignments of error through which he contends this cause should be reversed. We reach only one of these since it is our opinion there is no evidence sufficient to support the jury's guilty verdict.
We have no difficulty in reaching the opinion that the machinery parts belonging to the county and charged to have been embezzled came into the appellant's possession by color of his office. State v. Yeates, 140 Miss. 224, 105 So. 498 (1925). We have, however, an insurmountable problem in attempting to sustain a jury verdict of embezzlement in the absence of evidence of a wrongful conversion of the parts by the appellant to his individual use. In this regard we note that Sisk is not charged with wrongfully procuring the parts nor with wrongfully paying for them with public funds, but rather is indicted for their conversion. An essential of embezzlement is the wrongful conversion of property lawfully possessed by the person charged with embezzlement. Temple v. State, 288 So.2d 835 (Miss. 1974), and the authorities therein cited.
In considering the entirety of the evidence offered by the state, including that related to Auditors Brown and McDonald by the appellant, and the testimony on behalf of the defendant, the most that can be gleaned from it is that the machinery parts, unsuitable for public machines of the county, although purchased with public funds, came into the appellant's possession by virtue of his office and they were suitable for machinery previously owned by the appellant.
There is no testimony that the parts were actually attached to the machinery of the appellant. In fact, the contrary is shown by the record since there is undisputed testimony that several of the parts listed in the indictment were either reworked by the appellant and used upon county machinery or were used in the construction of a winch for the county's purposes.
We note also in reviewing the evidence that in several instances the parts ordered in the original order blanks did not correspond with those listed upon the completed invoices even though the order blanks and the invoices bore identical machinery numbers, *475 strongly suggestive, we think, of clerical error in the shipment of parts unsuitable for the county's machines and surely, precarious evidence upon which to base a conviction.
The difficulty of proving either embezzlement or attempted embezzlement is not lost upon us. However, conviction in criminal cases must rest upon finite evidence and not probabilities or surmise. Infamy and loss of liberty require more.
A detailed study of this record affords no conclusion, in our opinion, other than a total insufficiency of evidence upon which to find a wrongful conversion of the parts, an essential to the crime of embezzlement.
Reversed and appellant discharged.
GILLESPIE, C.J., RODGERS, P.J., and SMITH and SUGG, JJ., concur.