457 So.2d 931 (1984)
Patricia R. HOGAN
v.
MISSISSIPPI BOARD OF NURSING.
No. 55069.
Supreme Court of Mississippi.
October 3, 1984.
*932 Charles I. Knauss, Jr., Gilmer & Jones, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before BOWLING, DAN M. LEE and PRATHER, JJ.
DAN M. LEE, Justice, for the Court:
The appellant, Patricia R. Hogan, is a certified registered nurse anesthetist (C.R.N.A.). Ms. Hogan was employed by the Lawrence County Hospital until an audit in 1981 revealed that a substantial quantity of controlled narcotics signed out to Ms. Hogan were unaccounted for as being either given to a patient, in her present inventory, or wasted. In a complaint by the Mississippi Board of Nursing Ms. Hogan was charged with seventeen (17) separate offenses constituting violations of § 73-15-29(1)(h) of the Mississippi Code Annotated (Supp. 1982). During a hearing upon the matter the Board dismissed all but five (5) of the charges of its own motion. Each of the remaining charges alleged the misappropriation of Demerol. At the conclusion of the hearing Ms. Hogan was found guilty on each of the five (5) charges in that she failed to reasonably account for Demerol. As a result, her license to practice as a registered nurse in the State of Mississippi was revoked. Following that decision, Hogan perfected an appeal to the Chancery Court of the First Judicial District of Hinds County. The chancellor affirmed the decision of the Board and Hogan now brings this appeal.
The charges against Ms. Hogan and the findings of the Board of Nursing are as follows:
Charge: That from April, 1981, until August 10, 1981, you misappropriated Demerol placed in your custody for the use of patients at the Lawrence County Hospital, Monticello, Mississippi.
Finding: The Board found you guilty in that you failed to account for twenty-five 100 mg. ampules of Demerol, as evidenced by pharmacy sheet # 104643 coupled with your signature as having received the drugs. Further, that pharmacy sheet # 104357 indicates thirteen Demerol 100 mg. ampules unaccounted for with your signature as having received twenty-five ampules.
Charge: That you misappropriated Demerol in that on or about 4/6/81 from Floor Station # 2 you received two 100 mg. ampules of Demerol for patient Johnny Hartzog. On 4/8/81 you also signed out 50 mg. of Demerol from the anesthesia narcotic supply for this patient. On the anesthesia record dated 4/7/81 you recorded a total of 125 mg. of Demerol as administered to Hartzog.
Finding: The Board found you guilty in that you did not reasonably account for the narcotics missing in the instance as charged.
Charge: That you misappropriated Demerol in that on or about 4/9/81 from Floor Station # 1 you received 50 mg. of Demerol for surgery on 4/10/81; however, this Demerol was not charted as given to either of two patients who had surgery on 4/10/81.
Finding: The Board found you guilty in that you did not reasonably account *933 for the narcotics missing in the instance as charged.
Charge: That you misappropriated Demerol in that on or about 4/10/81 you signed out one 50 mg. ampule of Demerol from the anesthesia narcotic supply to patient Bobby Hall. On the same date you signed out from Floor Station # 2 one 100 mg. ampule and one 50 mg. ampule of Demerol for this patient. However, you recorded on the anesthesia records that you administered only 75 mg. of Demerol to Hall.
Finding: The Board found you guilty in that you did not reasonably account for the narcotics missing in the instance as charged.
Charge: That you misappropriated Demerol in that on or about 4/11/81 you signed out 50 mg. of Demerol from the anesthesia narcotic supply for patient Eugene Daughdrill; however, no Demerol is charted as given on the anesthesia record.
Finding: The Board found you guilty in that you did not reasonably account for the narcotics missing in the instance as charged.
(All Emphasis Added)
All of the charges stem from Mrs. Hogan's role as the certified nurse anesthetist for the Lawrence County Hospital in Monticello, Mississippi. Her job involved anesthesizing surgery patients before and during surgery. As a necessary component to that role, Ms. Hogan administered narcotics to surgery patients. She was generally responsible for the type and amount of narcotic a surgery patient was to receive. The Lawrence County Hospital distributed narcotics through its head pharmacist, Phil Martin. Martin testified that the procedure for dispensing narcotics required the nurse or physician receiving the narcotics to sign their name at the top of a pharmacy sheet. The narcotics typically came in a box of 20 or 25 ampules. The type of drug issued was labeled across the top of the pharmacy sheet. The pharmacy sheet contained a corresponding number of parallel ruled lines for the person who checked out the drugs to record the date, time, patient, physician, dose and signature of the person administering the drugs. When all 20 or 25 lines were filled out, the pharmacy sheet could be returned to Phil Martin and he would then issue another box of the narcotics with a blank pharmacy sheet. Martin did not always require that a completed pharmacy sheet be returned to him before he issued more narcotics because to do so would have required a nurse to completely exhaust her supply before getting any more. As a result, Martin testified that it was possible that he would dispense narcotics to someone who already had some checked out. He stated that he did not regularly allow more than two boxes of a narcotic to be checked out before a pharmacy sheet was returned. Martin later testified that he had been reprimanded by the State Pharmacy Board for dispensing narcotics without requiring the person he issued the narcotics to first sign a pharmacy sheet. He admits that he was not conscientious in his work and in his accounting for narcotics.
Martin further testified that any drug remaining in an ampule after part of it had been administered to a patient was to be "wasted." All waste of narcotics was to be reported to the pharmacy on a "waste sheet." Rosemary Brister, Director of Nurses at Lawrence County Hospital, testified that she told Ms. Hogan of the hospital's policy on waste of narcotics. Catherine Lambert, the operating room supervisor, testified that in May, 1981, Ms. Brister asked her to give waste report sheets to Ms. Hogan.
Ms. Hogan's testimony was somewhat different. She testified that no one had ever said anything to her about waste procedures. She stated that she wasted narcotics by putting the unused amount in a syringe and dropping the syringe in an empty i.v. bottle. She testified that in all her work experience she had never been required to sign a separate sheet to account for waste. She further testified that there were times when she found her narcotic closet and anesthesia cart unlocked.
*934 Ms. Hogan's first assignment of error is that the chancery court erred in upholding the decision of the Mississippi Board of Nursing in that she was charged with misappropriation of controlled substances and the findings of the Board indicate only that she had failed to reasonably account for those substances. Her position is that the failure to account is not tantamount to misappropriation. We find this argument persuasive.
The applicable statute is § 73-15-29(1)(h) Miss. Code Ann. (Supp. 1982). That provision reads as follows:
(1) The board shall have power to revoke, suspend or refuse to renew any license issued by the board, or to deny an application for a license, or to fine, place on probation and/or discipline a licensee in any manner specified in this chapter, upon proof that such person:
(h) Is addicted to or dependent on alcohol or other habit forming drugs or is a habitual user of narcotics, barbituates, amphetamines, hallucinogins or other drugs having similar effect, or has misappropriated any medication; (Emphasis Added).
Because § 73-15-29 permits revocation of a nursing license, it is penal in nature and therefore must be strictly construed against the governmental agency (the Nursing Board) when attempting to revoke a license. Boring v. Mississippi State Board of Dental Examiners, 300 So.2d 135 (Miss. 1974); Mississippi Insurance Commission v. Savery, 204 So.2d 278 (Miss. 1967); Mississippi State Board of Dental Examiners v. Mandell, 198 Miss. 49, 21 So.2d 405 (1945).
In Levi v. Mississippi State Bar, 436 So.2d 781 (Miss. 1983), we reaffirmed the principle that in adversary proceedings of a quasi criminal nature the accusor is held to a higher standard of proof than the ordinary standard of "a preponderance of the evidence." We also held that where the charge was fraud or an "equivalent form of misconduct" the accusing party must prove his case by clear and convincing evidence. 436 So.2d at 783.
Applying these principles to the instant case, the rule is derived that in a proceeding by the State Board of Nursing wherein a nurse is alleged to have misappropriated narcotics and faces a possible revocation of her license, the Board must prove that charge by clear and convincing evidence. We are of the opinion that the Board's failure to find Ms. Hogan guilty of anything other than a failure to reasonably account for the missing narcotics does not reach the required standard of proof.
In Sisk v. State, 294 So.2d 472 (Miss. 1974), this Court reversed a conviction of embezzlement where the state failed to prove that the allegedly embezzled machine parts were wrongfully converted. In that case Sisk was a county supervisor who was accused of embezzling certain heavy machinery parts owned by the county. Sisk had approved the payment of claims for the cost of these parts. The state's witness testified that many of these parts would not have fit heavy machinery owned by the county but would have fit machinery once owned by Sisk and still in his possession. On these facts, this Court reversed Sisk's conviction and held:
We have no difficulty in reaching the opinion that the machinery parts belonging to the county and charged to have been embezzled came into the appellant's possession by color of his office. State v. Yeates, 140 Miss. 224, 105 So. 498 (1925). We have, however, an insurmountable problem in attempting to sustain a jury verdict of embezzlement in the absence of evidence of a wrongful conversion of the parts by the appellant to his individual use. In this regard we note that Sisk is not charged with wrongfully procuring the parts nor with wrongfully paying for them with public funds, but rather is indicted for their conversion. An essential of embezzlement is the wrongful conversion of property lawfully possessed by the person charged with embezzlement. Temple v. State, 288 So.2d 835 (Miss. 1974), and the authorities therein cited.

*935 In considering the entirety of the evidence offered by the state, including that related to Auditors Brown and McDonald by the appellant, and the testimony on behalf of the defendant, the most that can be gleaned from it is that the machinery parts, unsuitable for public machines of the county, although purchased with public funds, came into the appellant's possession by virtue of his office and they were suitable for machinery previously owned by the appellant.
There is no testimony that the parts were actually attached to the machinery of the appellant. In fact, the contrary is shown by the record since there is undisputed testimony that several of the parts listed in the indictment were either reworked by the appellant and used upon county machinery or were used in the construction of a winch for the county's purposes.
We note also in reviewing the evidence that in several instances the parts ordered in the original order blanks did not correspond with those listed upon the completed invoices even though the order blanks and the invoices bore identical machinery numbers, strongly suggestive, we think, of clerical error in the shipment of parts unsuitable for the county's machines and surely, precarious evidence upon which to base a conviction.
The difficulty of proving either embezzlement or attempted embezzlement is not lost upon us. However, conviction in criminal cases must rest upon finite evidence and not probabilities or surmise. Infamy and loss of liberty require more.
A detailed study of this record affords no conclusion, in our opinion, other than a total insufficiency of evidence upon which to find a wrongful conversion of the parts, an essential to the crime of embezzlement.
Reversed and appellant discharged.
294 So.2d at 474, 475.
To return to the instant case, the Board's finding was only that Ms. Hogan was unable to reasonably account for missing narcotics. There was absolutely no proof that she had converted those narcotics to her own use. Indeed, the evidence reflected that the Lawrence County Hospital's procedure for controlling accounting for and securing narcotics was so porous that the inability to account for all of the hospital's narcotics was an inevitable result. Narcotics were dispensed without requiring the person receiving them to sign out for them. They were also traded about from one department of the hospital to another. Furthermore, supplies of narcotics were not securely locked so that access to them was limited.
We agree with the Board of Nursing that upon these facts Ms. Hogan is guilty of failing to account for narcotics; however, "failure to reasonably account for narcotics" does not constitute grounds for revocation of a nursing license under § 73-15-29(1)(h).
The only other issue raised by Ms. Hogan's appeal that is not rendered moot by our discussion on the above issue is the chancellor's action in sustaining the Board's motion to retax costs thereby requiring the appellant to pay all the costs of the appeal to the chancery court including the cost associated with the transcript of the record before the Board. Section 73-15-31(8) Miss. Code Ann. (Supp. 1982) expressly requires: "That if the action of the Board is denying, revoking, suspending or refusing to renew the license, or finding or otherwise disciplining the person, be affirmed by the chancery court the nurse will pay the cost of the appeal and the action in the chancery court." Therefore, had we affirmed the chancellor we would have also affirmed his action in taxing the cost of the appeal to Ms. Hogan; however, because we have reversed this cause we hereby tax all costs of the appeals in this cause to the State Board of Nursing.
We hold that as is reflected in its findings of fact, the State Board of Nursing failed to establish a legally cognizable ground for revocation of Ms. Hogan's nursing license under § 73-15-29(1)(h) Miss. Code Ann. (Supp. 1982). We therefore reverse the order of the Chancery Court of *936 Hinds County sustaining the order of the Mississippi Board of Nursing which revoked Ms. Hogan's license to practice as a registered nurse in the State of Mississippi and remand this cause to the State Board of Nursing with directions that Ms. Hogan's license to practice as a registered nurse be restored.
REVERSED AND REMANDED.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.