[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Michael Swiller, the plaintiff in this administrative appeal, appeals from the decision of the Connecticut Board of Chiropractic Examiners ("Board") suspending his license to practice as a chiropractor and imposing a fine and conditions CT Page 11328 upon his future practice upon a finding of conduct that violated General Statutes § 20-29.
This appeal raises the issue whether the standard of proof of misconduct leading to sanctions listed in General Statutes §19a-17 is clear and convincing evidence, and whether the Board erroneously applied the usual civil standard of proof, that is, proof by a fair preponderance of the evidence.
In essence, the plaintiff asks this court to conclude, pursuant to its powers of review set forth in General Statutes § 4-183(j), that the Board acted in violation of constitutional provisions requiring due process of law in failing to apply the higher standard of proof he advocates.
Procedural History
In July 1990 the Department of Health Services presented the Board of Chiropractic Examiners ("Board") with a complaint of misconduct against Michael Swiller charging that he had engaged in conduct in his practice as a chiropractor that violated General Statutes § 20-29, specifically, that he had purposefully or negligently engaged in sexual contact with patients. The Board, after due notice, conducted hearings on October 18, 1990 and October 25, 1990, and, after an initial appeal and stipulation, on June 24, 1993.
On November 14, 1994, the Board issued a memorandum of decision finding that misconduct was proven and imposing the following sanctions:
 1. suspension of the plaintiff's chiropractic license for nine months for each of three violations, to be imposed concurrently, for an aggregate suspension of nine months.
 2. an indefinite period of probation in which the plaintiff is required to employ a female to be present in the room when he is engaged in the practice of chiropractic with a female patient and maintenance of records of the person so present to be supplied to the Department of Health Services upon its request.
3. a civil penalty in the amount of $3,000.00.
The plaintiff filed this appeal on December 27, 1994. CT Page 11329
Aggrievement
As a party whose rights and property interest in the continued practice of his chosen occupation are effected by the Board's decision, the plaintiff has established aggrievement as alleged at paragraph 4 of his complaint.
Discussion
The only issue pursued by the plaintiff in his brief and at oral argument is his claim that the Board erroneously applied the preponderance-of-the-evidence standard of proof when it should not have imposed sanctions without clear and convincing evidence. Accordingly, this court will treat as abandoned the other issues raised in the appeal but not briefed or argued. Commissioner ofEnvironmental Protection v. Connecticut Building Wrecking Co.,227 Conn. 175, 181 n. 4 (1993); Cheshire Mortgage Service, Inc. v.Montes, 223 Conn. 80, 83 n. 4 (1992). Plaintiff's counsel stated at oral argument that the plaintiff was not pursuing any claim other than the claim that the Board used the wrong standard of proof.
The General Assembly has authorized the Board of Chiropractic Examiners to suspend or revoke chiropractic licenses and impose fines against licensees who engage in misconduct as defined in General Statutes § 20-29. That statute and § 4-182
provide for notice and a hearing prior to imposition of sanctions involving a license.
The Board takes the position that it has adopted the hearing procedures of the Uniform Administrative Procedure Act ("UAPA"), General Statute § 4-166 et. seq. The UAPA does not expressly set forth a standard of proof as to disciplinary hearings. Where the legislature has not imposed a different standard of proof by statute, the courts construe the applicable adjudicative standard of proof to be the general civil standard, that is, proof by a fair preponderance of the evidence, absent countervailing constitutional constraints. Steadman v. Securities and ExchangeCommission, 450 U.S. 91, 95 (1990); Vance v. Terrazas,444 U.S. 252, 265 (1980); State v. Davis, 229 Conn. 285, 295-96
(1994); Freeman v. Alamo Management Co., 221 Conn. 674, 678 (1992).
The Connecticut Supreme Court has never held that the decisions of professional examining boards undertaken pursuant to CT Page 11330 the UAPA require a standard of proof higher than proof by a preponderance of the evidence.
Contrary to the plaintiff's contentions, which are based on citation of cases superseded by later decisions of the Supreme Court of the United States, the preponderance of the evidence standard has been adjudged applicable to administrative hearings as to deprivations as severe as loss of citizenship; Vancev. Terrazas, 444 U.S. 252, and suspension of a stockbroker's license; Steadman v. Securities and Exchange Commission,450 U.S. 91. As to the termination of the employment of a public school teacher, the Court stated that the applicable standard for proof at a hearing conducted pursuant to General Statutes § 10-151
is proof by a preponderance of the evidence. Catino v. Board ofEducation, 174 Conn. 414, 417 (1978).
The plaintiff cites a Mississippi ruling, Hogan v.Mississippi Board of Examiners, 457 So.2d 931 (Miss. 1984), as supporting the requirement that adjudications affecting licenses should be based on clear and convincing evidence. The court inHogan characterized the Mississippi statute as penal and "quasi-criminal". The purpose of Connecticut's regulation of practitioners of various healing arts has for its purpose the protection of the public, Leib v. Board of Examiners for Nursing,177 Conn. 78, 90 (1979); and the statutes by which quality is preserved have not been characterized as penal statutes.
This court notes that the Connecticut Supreme Court has adopted the clear and convincing standard as applicable to adjudication of misconduct by attorneys. Statewide GrievanceCommittee v. Presnick, 215 Conn. 162, 171-72 (1990). The Supreme Court stated the following reasons for applying that standard: 1) congruence with the standard applicable to judges; Council onProbate Judicial Conduct re: James H. Kinsella, 193 Conn. 180,190, 191 (1984); and 2) the fact that the clear-and-convincing standard was the standard suggested by the American Bar Association and applied by the courts of many jurisdictions in disciplining lawyers.
Regulation of the conduct of attorneys and disciplining members of the bar are functions entrusted to the judicial branch. Those functions are not governed by the UAPA but by court rules enacted by the judges of the Superior Court. StatewideGrievance Committee v. Presnick, 215 Conn. 161, 166-67 (1990);Statewide Grievance Committee v. Rozbicki, 211 Conn. 232, 239
CT Page 11331 (1989). The choice by the judicial branch to employ the clear and convincing standard does not establish that such a standard must also be applied to occupations regulated by the executive branch through examining boards created by the legislative branch. The General Assembly was free to adopt the procedures and standards it considered warranted to give effect to its aim of protecting the public through control of licensure of practitioners of various occupations.
The higher standard of proof is not constitutionally required. The Connecticut Supreme Court has ruled repeatedly that the procedures required by the UAPA exceed the minimal procedural safeguards mandated by the due process clause; Levinson v. Boardof Chiropractic Examiners, 211 Conn. 508, 531 (1989); Leib v.Board of Examiners for Nursing, 177 Conn. 78 (1979); Adamchek v.Board of Education, 174 Conn. 366, 369 (1978); Taylor v.Robinson, 171 Conn. 691, 698-99 (1976). While a person who holds an occupational license has a property interest in continuing to pursue his occupation, the consumers of his services, that is, members of the public, have a right to be protected from misconduct that could threaten their physical and personal well-being.
The potential harm that can be inflicted by those licensed to deal with physical problems is different in kind and arguably greater than the harm that can be caused by the misconduct of lawyers, whose misdeeds can often be cured by the legal process or curtailed by the adversary process. This difference supplies a sufficient reason for allocating the benefit in the choice of the standard of proof to the consumer rather than to the licensee. Use of the higher standard of proof would potentially permit more misconduct to go unregulated. Use of the preponderance-of-the-evidence standard gives greater effect to the legislative goal of protecting the public through regulation of the practice of various occupations. On the basis of this analysis, this court rejects the reasoning of the California Court of Appeals inEttinger v. Board of Medical Quality Assurance,185 Cal.Rptr. 601 (1982). The court in that case observed that the purpose of regulation of the conduct of doctors was the protection of the public from dishonest, immoral, disreputable or incompetent practitioners, but adopted a standard of proof — clear and convincing — that would shelter those errant practitioners whose wrongdoing could be proven by a preponderance of the evidence.[1]
CT Page 11332
The plaintiff asks this court to rule that the UAPA is unconstitutional if it is interpreted to require proof by a preponderance of the evidence because deprivation of a professional license implicates a property interest of a regulated professional. In the context of revocation of probation, where the liberty interest was the vital one against incarceration, the Connecticut Supreme Court ruled that the preponderance of the evidence standard is adequate to satisfy the constitutional guarantee of due process. State v. Davis,229 Conn. 285, 294-95 (1994). Finding that a probation revocation proceeding is not a criminal proceeding, the Court ruled that the general civil standard of proof was constitutionally adequate.Id. The court takes the ruling in State v. Davis as a further indication that the standard of proof favored by the plaintiff is not constitutionally required.
Conclusion
The plaintiff's sole claim, the use of an unconstitutional standard of proof in the administrative hearing, has not been established.
The appeal is dismissed.
Beverly J. Hodgson Judge of the Superior Court