# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KA-01620-COA

**JOSE PRUITT A/K/A JOSE PRUITT, JR.**           **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/11/2018 |
| TRIAL JUDGE: | HON. JAMES LAMAR ROBERTS JR. |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: JUSTIN TAYLOR COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOHN R. HENRY JR. |
| DISTRICT ATTORNEY: | J. TRENT KELLY |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 02/11/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE J. WILSON, P.J., McDONALD AND McCARTY, JJ.

### J. WILSON, P.J., FOR THE COURT:

¶1. Jose Pruitt was indicted for burglary of a building (Count I) and grand larceny (Count II). At trial, the State alleged that Pruitt broke into a building in Aberdeen on multiple occasions between June and August 2017 and stole miscellaneous items with a total value of over $3,000. The building's lessee testified about the missing items and their value, and a photograph of a man carrying one or more items from the building was admitted into evidence. The jury found Pruitt guilty on both counts, and the circuit court sentenced him as a nonviolent habitual offender to serve consecutive terms of seven years on Count I and

five years on Count II. On appeal, Pruitt does not challenge his conviction for burglary of a building but argues that the State presented insufficient evidence to convict him of grand larceny. We agree that the evidence does not support a conviction for grand larceny, but it is sufficient to establish the lesser-included offense of petit larceny. Therefore, we reverse Pruitt's conviction for grand larceny and remand for re-sentencing on petit larceny.

## FACTS AND PROCEDURAL HISTORY

¶2. George Wise leased a warehouse in Aberdeen that he used for an office, storage, and a workshop. In the summer of 2017, Wise noticed that some of his tools were missing. One day he left some tools out when he went home for the evening, and the tools—including a floor jack and jack stand—were gone when he returned the next morning. After that incident, Wise continued to notice other things missing throughout the summer.

¶3. Wise installed four motion-activated security cameras in the building to try to identify the thief and determine how he was entering the building. On August 18, a camera captured an image of a man inside the building. On August 27, a camera captured an image of a man inside the building carrying a crate. Wise testified that a router that belonged to him was in the crate, but he could not identify any other items in the crate. Wise believed that the man had entered the building through a broken window. The cameras never captured images of anyone inside the building other than Wise, his grandson, and the alleged burglar.

¶4. Wise eventually compiled a list of all the things he believed had been taken from the building: a router, two handheld ECHO leaf blowers, a set of six-ton jack stands (which weighed approximately twenty pounds), two Metabo variable speed grinders, a Metabo

2

hammer drill, two Kreg drill bits, a SKIL power saw, a Bosch jigsaw, two Porter-Cable sanders, a smaller grinder, a Porto-Power hydraulic pump (which weighed approximately sixty pounds), a handheld air compressor, a large spool of copper wire (which weighed approximately fifty pounds), a four-ton floor jack, three seven-foot-long deep sea fishing rods, two large inner tubes, and five adult life jackets. Wise estimated that the total value of the items was $3,377. He based his estimate on similar items he found for sale on eBay and other websites or the original cost of the items. Other than the router, jack, and jack stands, Wise did not testify as to when specifically any of the items went missing or whether they went missing before or after he installed the security cameras.

¶5. Deputy Lee Johnson of the Monroe County Sheriff's Department testified that he had worked in law enforcement in Monroe County for thirteen years. Johnson identified Jose Pruitt as the man in the two photographs from the warehouse. Johnson testified that Pruitt was known to walk around town with a rag or towel draped over his head in the summer. The August 18 photo shows a man with a towel covering the top of his head. Johnson said that Pruitt is the only person in Aberdeen that he saw regularly wearing a towel on his head. Johnson conceded that Pruitt sometimes wore a do-rag on his head instead of a towel. Neither of the warehouse photos showed the man wearing a do-rag.

¶6. Deputy Ricky Payne of the Monroe County Sheriff's Department testified that when Wise brought him the photos of the burglar, he showed the photos to Johnson. Payne said that Johnson was their warrants officer and was very familiar with people in the area. Payne said that he and other officers often asked Johnson to help identify suspects. Payne testified

that when Pruitt was arrested, he was wearing the same pants as the man in the August 27 photo. Payne did not collect any forensic evidence from the crime scene. He did try to use a computer system called Leads Online to see if any of Wise's items had been pawned at pawnshops. Pruitt had pawned some items at a local pawnshop, but none of those items were on the list that Wise gave to law enforcement.

¶7. Jose Pruitt testified that he had lived in Aberdeen since he was eleven years old. He received disability benefits but also worked odd jobs such as washing cars and mowing grass. Pruitt testified that he worked at Debo's Car Wash during the summer of 2017. Pruitt did not own a car, so he walked to work and elsewhere. Pruitt denied that he was the man photographed inside Wise's building. He claimed that the man in the August 27 photo had a larger head and lighter skin tone than he had. Pruitt also denied that he wore a towel on his head like the man in the August 18 photo. Pruitt testified that he did carry a towel with him when he washed cars but that he preferred to wear a do-rag.

¶8. The defense introduced booking photos of Pruitt from July and August 2017. Pruitt claimed that his skin tone was darker in the booking photos than the skin tone of the man seen in Wise's building. Pruitt explained that his skin tone was often darker in the summer because he spent so much time outside. Pruitt admitted that when he was arrested he was wearing camouflage pants identical to the man in the warehouse photos. However, he testified that other men in Aberdeen wore similar pants.

¶9. Pruitt denied that he broke into the warehouse or took any of Wise's property. He acknowledged that he sometimes sold or pawned things for money. Pruitt lived about a

4

quarter of a mile from the warehouse. However, officers never searched his home for the missing items, and none of Wise's missing property was ever recovered.

¶10. The jury was instructed on the elements of burglary of a building, grand larceny, and the lesser-included offense of petit larceny. The jury found Pruitt guilty of burglary and grand larceny. The trial judge sentenced Pruitt to serve consecutive terms of seven years for burglary and five years for grand larceny. Pruitt filed a motion seeking a judgment notwithstanding the verdict or a new trial, which was denied, and a notice of appeal.

**ANALYSIS**

¶11. On appeal, Pruitt argues that the State presented insufficient evidence to convict him of grand larceny.[1] He does not challenge his conviction for burglary of a building.

¶12. When we address a challenge to the sufficiency of the evidence, all credible evidence of guilt must be taken as true, and the State is entitled to all reasonable inferences that may be drawn from the evidence. *Haynes v. State*, 250 So. 3d 1241, 1244 (¶6) (Miss. 2018). "We examine the evidence in the light most favorable to the State, while keeping in mind the beyond-a-reasonable-doubt burden of proof standard." *Id.* We will affirm the conviction if

---

[1] This is the only issue that Pruitt's appointed appellate counsel raised. Pruitt filed a pro se reply brief more than six months after any reply brief would have been due. Pruitt's pro se reply brief asserts that his indictment was not signed by the grand jury foreman and that his habitual offender status was improperly based on misdemeanor convictions. These issues are without merit. The indictment was signed by the grand jury foreman, and Pruitt's prior convictions were both felonies for which he was sentenced to one year or more in the custody of the Department of Corrections. *See* Miss. Code Ann. § 99-19-81 (Supp. 2019); *Weaver v. State*, 497 So. 2d 1089, 1096 (Miss. 1986) (holding that felony resulting in a suspended sentence of one year or more qualifies as a prior conviction under section 99-19-81); *Davis v. State*, 5 So. 3d 435, 441 n.4 (Miss. Ct. App. 2008) (same). Moreover, during sentencing, Pruitt admitted that he had four prior felony convictions.

the evidence is such that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Shelton v. State*, 214 So. 3d 250, 256 (¶29) (Miss. 2017)). However, the conviction must rest on evidence, not speculation or conjecture. *Edwards v. State*, 469 So. 2d 68, 69-70 (Miss. 1985); *Sisk v. State*, 294 So. 2d 472, 475 (Miss. 1974). And we will reverse and render the conviction if the facts and inferences point in favor of the defendant with such force that reasonable jurors could not find him guilty beyond a reasonable doubt. *Haynes*, 250 So. 3d at 1244 (¶6).

¶13.    A person is guilty of grand larceny if he feloniously takes and carries away personal property of another with a value of more than $1,000. Miss. Code Ann. § 97-17-41(1) (Rev. 2014). "The total value of property taken and carried away by the person from a single victim shall be aggregated in determining the gravity of the offense." *Id.*; *see Nations v. State*, 199 So. 3d 1265, 1272-75 (¶¶24-31) (Miss. Ct. App. 2016) (discussing the meaning of "the offense" under the statute).

¶14.    In this case, the State presented two photos of Pruitt inside the warehouse. Pruitt denied that he was the man in the photos, but the jury, after viewing Pruitt and comparing the warehouse photos to Pruitt's booking photos, obviously concluded otherwise. In the photo taken on August 27, the man is carrying some items that Wise identified and that Wise said had been missing since August 27. The jury clearly concluded that Pruitt was the man in the photos and convicted him. This and other evidence was sufficient for a rational juror to find Pruitt guilty of burglary of a building.[2] Indeed, as noted above, Pruitt does not challenge that

_____

[2] Miss. Code Ann. § 97-17-33(1) (Rev. 2014) ("Every person who shall be convicted of breaking and entering . . . any shop, store, booth, tent, warehouse, or other building . . . in

6

conviction on appeal.

¶15.    However, we cannot say that the evidence was sufficient to support a conviction for grand larceny.  The August 27 photo shows Pruitt carrying a crate.  Wise was able to identify only a router in the crate.  Wise testified that the router's value was "around $100."  Other items may have been in the crate, but they were not identified at trial, nor can they be identified in the photo.  Moreover, many of the items that Wise testified were missing were large and would not have fit in the crate along with the router.  Wise also could not identify when most of the items were taken.  He testified that he first noticed the floor jack and jack stands had disappeared sometime in June or July and that, sometime later, he began compiling a list of items that he believed had gone missing.  None of the other items that Wise reported as stolen were ever connected to Pruitt.  None of the items were recovered, and there is no evidence that Pruitt pawned them.

¶16.    In short, there was no evidence from which a rational juror could have determined beyond a reasonable doubt which, if any, items Pruitt stole other than the router.  Moreover, the router was valued at only $100, well below the $1,000 threshold for grand larceny.  Miss. Code Ann. § 97-17-41(1).  Therefore, Pruitt's conviction for grand larceny must be reversed.

¶17.    We must now consider whether Pruitt's taking of the router was sufficient to satisfy the elements of the lesser-included offense of petit larceny.  *Grant v. State*, 281 So. 3d 993, 997 (¶17) (Miss. Ct. App. 2019).  "Under the direct-remand rule, an appellate court may remand a case to the trial court for sentencing on the lesser-included offense where the

which any goods, merchandise, equipment or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal therein . . . , shall be guilty of burglary.").

greater offense was not proved, but the elements of the lesser-included offense were sufficiently met." *Id.* (quoting *Hall v. State*, 187 So. 3d 133, 138 (¶18) (Miss. 2016)). "The . . . rule is 'grounded on the fact that guilt of a true lesser included offense is implicitly found in the jury's verdict of guilt on the greater offense.'" *Id.* (quoting *Shields v. State*, 722 So. 2d 584, 585 (¶7) (Miss. 1998)).

¶18.    A person is guilty of petit larceny if he feloniously takes and carries away personal property of another with a value of less than $1,000. Miss. Code Ann. § 97-17-43(1) (Rev. 2014). A conviction for petit larceny is punishable by imprisonment for not more than six months in the county jail, a fine not to exceed $1,000, or both. Petit larceny is a lesser-included offense of grand larceny. *Henley v. State*, 729 So. 2d 232, 238 (¶28) (Miss. 1998). The evidence presented at trial was sufficient to convict Pruitt of petit larceny. Therefore, we reverse Pruitt's conviction for grand larceny and remand to the trial court to sentence Pruitt for the misdemeanor offense of petit larceny. *Id.* at 238-39 (¶¶28-29).[3]

¶19.    **REVERSED AND REMANDED.**

    **BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**

---

[3] We note that Pruitt's misdemeanor conviction for petit larceny is not eligible for sentencing under the habitual offender statute. *Pinter v. State*, 221 So. 3d 378, 392-93 (¶¶41-42) (Miss. 2017).