# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CT-01582-SCT

*TRACY DIXON AND JERRY FORD a/k/a JERRY LEE FORD*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 07/21/2004 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | GLENN STURDIVANT SWARTZFAGER |
| | BILL WALLER, SR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | JOYCE IVY CHILES |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 04/12/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Appellants Tracy Dixon and Jerry Ford were convicted in the Circuit Court of Sunflower County of possession of cocaine with intent to distribute, each being sentenced to a term of thirty years in the custody of the Mississippi Department of Corrections and ordered to pay a fine of $500,000.  The Court of Appeals unanimously affirmed the trial court. ***Dixon v. State***, 2006 Miss. App. LEXIS 434 (Miss. Ct. App. 2006).  Defendants raise two issues in their petition for writ of certiorari, contending that (1) the sufficiency of the

evidence was insufficient to prove the indictment and (2) the expert testimony of the police officers was improperly admitted. We affirm the judgment of conviction and sentence in the Court of Appeals and the trial court. However, it was improper to add the two separate amounts for a total of twenty grams and hold both Ford and Dixon possessed that total amount of cocaine with intent to distribute. Ford and Dixon are each guilty of possession of their separate amounts of cocaine with intent to distribute. However, the sentence each received of thirty years and a fine of $500,000 is unaffected by their proper conviction for possession with intent to distribute of thirteen and a half grams of cocaine by Ford and six and a half grams by Dixon. The trial court and the Court of Appeals result are thus correct, but for the wrong reason, since the separate amounts each defendant possessed justify the sentence imposed by the trial court.

## FACTS AND PROCEDURAL HISTORY

¶2.    The Court of Appeals stated the facts as follows:

> On August 22, 2003, authorities with the Indianola Police Department received a tip that Jerry Ford and Tracy Dixon were leaving Ford's residence in a blue Mazda and that they would be carrying illegal drugs. Officer Ronald Ragon, driving in a marked patrol car, spotted the blue Mazda and turned on his blue lights in order to pull the car over. Upon stopping the Mazda, Officer Ragon was joined by a patrol car containing officers Edrick Hall and Tony Cooper. When the second patrol car arrived, the three occupants of the Mazda – Ford, Dixon, and Markeita Echols – exited the car and fled on foot. Officer Edrick Hall began a foot pursuit of Ford, while Cooper pursued Dixon on foot.

> Officer Hall testified that, while he was pursuing Ford, Ford fell when he attempted to jump over a row of hedges. Hall testified that at this point, he observed Ford tossing an object from his body onto the ground nearby. Hall testified that before he ultimately apprehended Ford, Ford stopped and bent down in a wooded area. After securing Ford, Hall returned to the area where he saw Ford throw the object, and recovered a package containing what later proved to be thirteen or fourteen individually wrapped rocks of crack cocaine.

2

Testimony by Theresa Hickmon of the Mississippi Crime Laboratory established that the cocaine weighed a total of 13.5 grams. Hall testified that the cocaine had a street value of approximately $1,400; furthermore, both Hall and Cooper testified that the packaging of the cocaine indicated an intent to distribute. The next morning, Hall returned to the wooded area where he saw Ford stop and bend over, and there Hall found $1,521 in cash. Hall testified that the serial number on one of the $100 bills recovered from the wooded area matched that of a bill used by a confidential informant to purchase drugs from Ford during the morning of August 22.

Officer Cooper testified that, during his lengthy pursuit of Dixon, he saw Dixon throw a small, white object to the ground. After apprehending Dixon, Cooper immediately revisited the area where he saw Dixon throw the object. Cooper testified that he recovered a small aspirin bottle containing approximately seventy-five small rocks of crack cocaine, and, furthermore, that the cocaine was valued at about $100 per gram. According to Hickmon's testimony, the bottle contained 6.5 grams of cocaine.

Dixon and Ford were convicted for possession of twenty grams of cocaine with intent to distribute. Each was sentenced to a term of thirty years in the custody of the Mississippi Department of Corrections and ordered to pay a fine of $500,000.

Defendants appealed the denial of their Motion for J.N.O.V., or in the alternative, Motion for a New Trial. *See **Dixon v. State***, 2006 Miss. App. LEXIS 434 at *1-4 (Miss. Ct. App. 2006). The Court of Appeals affirmed the convictions of both defendants on June 6, 2006, and denied their Motion for Rehearing on November 14, 2006.

## DISCUSSION

I.   **WHETHER THE VERDICT WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE**

¶3.   Ford and Dixon assert that, in accordance with precedent, the evidence was insufficient to prove possession by each of them of the total twenty grams of cocaine found.

¶4.   To determine whether the evidence is sufficient to sustain a conviction in the face of a motion for judgment notwithstanding the verdict (J.N.O.V.), the legal sufficiency of the

3

evidence is viewed in a light most favorable to the State. *Johnson v. State*, 904 So. 2d 162, 166 (Miss. 2005) (citing *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993)). Essentially, all credible evidence supporting a defendant's guilt should be accepted as true, and all favorable inferences drawn from the evidence must be reconciled in the prosecution's favor. *Id.* The standard for overturning the trial court's denial is whether, after considering all of the evidence, the evidence shows "beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed." *Carr v. State*, 208 So. 2d 886, 889 (Miss. 1968). "[W]here the evidence fails to meet this test it is insufficient to support a conviction." *Id.*

¶5.     First, it is clear that the record contains sufficient evidence to support "intent to distribute." The officer who arrested Ford testified that Ford had a bag of cocaine with thirteen or fourteen individually wrapped rocks, each rock being similar in size and worth a street value of approximately $100 each. The officer who arrested Dixon testified that Dixon had an aspirin bottle containing approximately seventy-five rocks, smaller than those Ford had. Each rock, in the officer's opinion, had a street value of about $20. The officers' testimony concerning the amount and packaging of cocaine found supports Ford's and Dixon's intent to distribute it.

¶6.     Next, we address the issue of constructive possession. In this case, the defendants were convicted of possession of twenty grams of cocaine pursuant to the constructive possession doctrine. However, only thirteen and a half grams were attributed to having been in Ford's physical possession and six and a half grams were attributed to having been in Dixon's physical possession. Thus, this Court must determine whether the evidence was

4

sufficient to show that each defendant constructively possessed the cocaine in the other's physical possession at the time of seizure.[1] We hold that it was not.

¶7.     As to Ford, the evidence presented creates a closer call for constructive possession. Specifically: (1) He was involved in, and owned the home outside of which, a controlled buy with a confidential informant had occurred earlier that day; Lieutenant Flowers testified to observing him involved in the controlled buy of crack cocaine; (2) he owned and was driving the vehicle which was stopped by Officer Ragon; (3) he fled the vehicle upon being stopped; (4) he attempted to jettison the crack cocaine during the foot chase; (5) following arrest, the crack cocaine he attempted to jettison was recovered and weighed thirteen and a half grams; (6) the crack cocaine which was recovered was weighed and wrapped for distribution just as was the case with the crack cocaine recovered from Dixon, negating the significance of the difference in denomination, weight, and size of the drugs possessed (different customer base, for instance); particularly in light of the context (i.e., earlier surveillance of controlled buy)); (7) one $100 bill of the cash recovered matched the serial number of the $100 bill given to the confidential informant for the earlier controlled buy.

¶8.     As to Dixon, the evidence presented is not as convincing for constructive possession purposes.  It shows that: (1) He was identified during police surveillance earlier that day as being at Ford's home;(2) he was in the passenger seat of Ford's vehicle at the time it was stopped by Officer Ragon; (3) he fled the vehicle upon being stopped; (4) he attempted to

---

[1] The trial court entered a judgment of conviction of Ford and Dixon for possession with intent to distribute under Miss. Code Ann. § 41-29-139(a)(1) and accordingly, sentenced each defendant to thirty years in prison and a $500,000 fine pursuant to Miss. Code Ann. § 41-29-139(b)(1) (Rev. 2005).

5

jettison the crack cocaine during the foot chase; (5) following arrest, the crack cocaine he attempted to jettison was recovered and weighed six and a half grams; (6) the crack cocaine which was recovered was weighed and wrapped for distribution just as was the case with the crack cocaine recovered from Ford, negating the significance of the difference in denomination, weight, and size of the drugs possessed (different customer base, for instance); particularly in light of the context (i.e., earlier surveillance of controlled buy)).

¶9.     Possession of a controlled substance may be actual or constructive, individual or joint. *Berry v. State*, 652 So. 2d 745 (citing *Wolf v. State*, 260 So. 2d 425, 432 (Miss. 1972)). This Court has said

> [w]hat constitutes a sufficient external relationship between the defendant and the narcotic property to complete the concept of 'possession' is a question which is not susceptible to a specific rule. However, there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. *Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control.* Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.

*Curry v. State*, 249 So. 2d 414, 416 (Miss. 1971) (emphasis added). Mere association with the person who physically possessed the controlled substance is insufficient. *Vickery v. State*, 535 So. 2d 1371, 1379 (Miss. 1988). Essentially, considering the totality of the circumstances, *Berry v. State*, 652 So. 2d 745, 750-51 (Miss. 1995), "*there must be evidence, in addition to physical proximity*, showing the defendant consciously exercised control over the contraband, and absent this evidence, a finding of constructive possession cannot be sustained." *Id.* at 748 (emphasis added).

6

¶10.   As the defendants do not dispute the element of physical proximity, we need not address it. Instead, they contend that the evidence was insufficient to prove the elements of dominion and control. Accordingly, the inquiry is narrowed to whether the evidence shows beyond a reasonable doubt that Ford and Dixon each constructively possessed, i.e., had dominion or control over, the cocaine found on the other. In light of the difficulty of defining what constitutes such elements as dominion and control, we look to precedent for guidance.

¶11.   In previous decisions, this Court has affirmed a conviction based on constructive possession when: (1) The defendant owned the premises where the drugs were found and failed to rebut the presumption that he was in control of such premises and the substances within; or (2) the defendant did not own the premises but was sufficiently tied to the drugs found there by (a) exerting control over the premises when he knew or should have known of the presence of the substance or (b) placing himself in the midst of items implicating his participation in the processing of the substance.[2] Since Ford owned the car he was driving when the police officers stopped the defendants, the evidence concerning him will be analyzed under this first set of cases, and the evidence against Dixon, who has no purported ownership interest in the car, will be examined under the second set of cases.

**1.      Presumption of Constructive Possession Due to Ownership of Premises**

---

[2]We do not attempt to put forth in this case the proposition that these three scenarios are the only circumstances in which the evidence establishes constructive possession. We categorize these circumstances deemed sufficient to constitute constructive possession as such categories facilitate an orderly analysis, providing as clear a distinction as possible between sufficient and insufficient circumstances for comparison with this case.

¶12.    This rule concerning the presumption of constructive possession due to ownership of the premises has been stated by this Court as follows:

> one who is the owner in possession of the premises, or the vehicle in which contraband is kept or transported, is presumed to be in constructive possession of the articles found in or on the property possessed. The presumption of a constructive possession, however, is a rebuttable presumption and must give way to the facts proven. Moreover, the rebuttable presumption of constructive possession does not relieve the State of the burden to establish defendant's guilt as required by law and the defendant is presumed to be innocent until this is done.

*Hamburg v. State*, 248 So. 2d 430, 432 (Miss. 1971) (internal citations omitted). *See Roberson v. State*, 595 So. 2d 1310, 1319 (Miss. 1992) (applying this presumption and finding constructive possession where the defendant lived in the apartment; calls were made to the apartment requesting the defendant by name while police were there; the police found the defendant sleeping in a bed in the apartment and a passport in a closet with his name on it; and drugs, money and firearms were found in the apartment). *See also Curry v. State*, 249 So. 2d 414, 416 (Miss. 1971) (finding constructive possession when the defendant owned the automobile where the controlled substance was found, rode in the front passenger seat through multiple states in the car in close proximity to where the substance was found, and made a suspicious downward motion after he observed the police about to stop the car).

¶13.    The relevant facts connecting Ford to the six and a half grams Dixon actually possessed include: (1) Ford owned the car he was driving when the police stopped the defendants, (2) Dixon was a passenger in the car with Ford when Ford was pulled over in a traffic stop, and (3) the arresting officer identified Dixon as being in actual possession of six and a half grams of cocaine at the time of the traffic stop. This evidence is akin to that in

8

*Hamburg*, 248 So. 2d 430. The defendant, Rodney Hamburg, was the owner and operator of the vehicle where the drugs were found. *Id.* at 430. After stopping the car, a search by police officers led to the discovery of pills of LSD on Hamburg's brother, who occupied the front passenger seat. *Id.* at 430-31. This Court reversed the conviction of Hamburg for possession, finding that

> [i]n the instant case the State not only failed to connect the driver with the possession of the contraband (except by the presumption of constructive possession), but the witness for the State identified the person in possession of the LSD to be Gary Hamburg and not Rodney Hamburg, the driver. Thus, the State denied the presumption of constructive possession by showing facts of actual possession to be in another other than the owner and operator of the vehicle. The motion for a directed verdict as to Rodney Hamburg should have been sustained when made at the close of the State's testimony.

*Hamburg v. State*, 248 So. 2d 430, 432-33 (Miss. 1971).

¶14.    As in *Hamburg*, this Court finds that the evidence is insufficient to show that Ford had dominion and control over the drugs actually possessed by his passenger. Thus, Ford was not in constructive possession of the cocaine actually possessed by Dixon, and the motion for judgment notwithstanding the verdict should have been sustained with regard to Ford's possession conviction beyond the thirteen and a half grams he actually possessed.

       **2.**     **Possession Due to Relationship With Substance Other Than Ownership of Premises**

       **a.**     **Exertion of Control Over Premises While Aware Substance Was Present**

¶15.    This Court has found the evidence to be sufficient when the defendant did not own the premises but was in control of the premises where the controlled substance was found and due to the circumstances at the time, knew or should have known that the substance was on the premises. *See Blissett v. State*, 754 So. 2d 1242, 1244 (Miss. 2000) (finding constructive

possession when the defendant was driving the car where marijuana was found and the car smelled strongly of unburned marijuana).

### b. Inference of Participation In Processing Substance

¶16. Additionally, discovery of the defendant in close proximity to paraphernalia used to process the drug for use or distribution has also been found to be sufficient incriminating evidence. *See **Kerns***, 923 So. 2d 196 (finding constructive possession when the defendant was found at an operating methamphetamine laboratory which smelled strongly of ether, was surrounded by materials for processing the substance for recreational use and a handgun, and was next to foil and filters, both of which tested positive for the substance); ***Fox v. State***, 756 So. 2d 753, 758 (2000) (finding constructive possession when the defendant was found with a pair of scissors in his hand while standing near containers with freshly cut marijuana in his mother's house and with no one else in the house was shown to have had a substantial connection to it or control of it).

¶17. The facts connecting Dixon to the thirteen and a half grams of cocaine Ford actually possessed were that: (1) Dixon was a passenger in the car Ford was driving when the police stopped the car and (2) the state's witness identified Ford as being in actual possession of the substance which Dixon allegedly constructively possessed. With regard to Dixon, neither of the three types of additional incriminating evidence are present in the Court of Appeal's decision. The facts concerning Dixon are similar to those in ***Jones v. State***, 693 So. 2d 375, 377 (Miss. 1997), where this Court reversed the possession conviction, finding no constructive possession when the only evidence connecting the defendant to the controlled substance was his presence in the car where the substance was found. In this case, there is

10

nothing to connect Dixon to the cocaine Ford had except Dixon's presence in the car with Ford. That fact contributes to a showing of physical proximity, but presence alone is insufficient to establish constructive possession.

¶18.    Each of the decisions affirming a possession conviction based on the constructive possession doctrine contained evidence in addition to physical proximity linking the defendant to the substance. The extent of the Court of Appeal's analysis and conclusion were:

> Looking to the evidence in the light most favorable to the State, we find that there is sufficient evidence to support the jury's verdict that Ford and Dixon were in constructive possession of the entire twenty grams of cocaine in question. It is clear from the evidence presented that both defendants were aware of the presence and character of the cocaine while in the car together, and that Ford and Dixon were intentionally in possession of the cocaine. While neither party had actual, physical possession of the entire twenty grams, the facts of this case suggest that Ford and Dixon intended to possess the entire amount in order to distribute it.

*Dixon v. State*, 2006 Miss. App. LEXIS at *11.  Beside the defendants being in the car when the police officer first attempted to stop them, establishing their association as driver and passenger, no additional evidence of constructive possession was cited by the Court of Appeals. Nothing in the Court of Appeals opinion suggested that Ford and Dixon had joint dominion or control over the total twenty grams between them.

¶19.    On the contrary, with regard to joint control of the cocaine, the evidence leaves reasonable doubt that such a relationship existed, suggesting, instead, that each defendant was handling his cocaine for distribution separately. Dixon physically possessed seventy-five small rocks of cocaine in an aspirin bottle worth about $20 each, totaling six and a half grams in weight, while Ford had thirteen or fourteen individually wrapped, larger rocks worth about

11

$100 grams, weighing a total of thirteen and a half grams. The difference in denomination, weight, and size of drugs in possession of each defendant raises the possibility that each was handling his drugs independently of the other. The facts simply do not rise to the level of establishing dominion and control or creating an inference of constructive possession.

¶20.    It would be inconsistent with this Court's application of the doctrine of constructive possession to find constructive possession in this case where the two defendants fled from a car in separate directions with different amounts of cocaine, denominated differently.

## II.    WHETHER THE POLICE EXPERT TESTIMONY WAS ADMISSIBLE

¶21.    The two officers who testified against Ford and Dixon said, based on their knowledge and experience as narcotic officers, that the amount and packaging of the drugs indicated Ford and Dixon intended to distribute the drugs. This testimony from the State sufficiently addressed the issue of intent to distribute. On appeal, Ford and Dixon argued that the trial court erred in allowing the police officers to testify as to the value and packaging of the cocaine without being qualified as expert witnesses. However, trial counsel failed to raise this issue. Defendants contend to this Court that the admission of this testimony should be recognized as plain error. The Court of Appeals found that this issue was procedurally barred because the defendants' trial counsel failed to make a contemporaneous objection to the testimony, and thus, the issue was raised for the first time on appeal. We agree with the Court of Appeals.

¶22.    Many times we have stated that issues not presented to the trial court for lack of contemporaneous objection are procedurally barred, and error, if any, is waived. *Wells v. State*, 903 So. 2d 739, 742 (Miss. 2005) (citing *Ballenger v. State*, 667 So. 2d 1242, 1272

(Miss. 1995); ***Davis v. State***, 660 So. 2d 1228, 1245 (Miss. 1995; ***Chase v. State***, 645 So. 2d 829, 854 (Miss. 1994; ***Hansen v. State***, 592 So. 2d 114, 139-40 (Miss. 1991). "We accept without hesitation the ordinarily sound principle that this Court sits to review actions of trial courts and that we should undertake consideration of no matter which has not first been presented to and decided by the trial court. We depart from this premise only in unusual circumstances." ***City of Starkville v. 4-County Elec. Power Ass'n***, 909 So. 2d 1094, 1111-1112 (Miss. 2005). Such departures are warranted as a means of preventing a manifest miscarriage of justice, ***Johnson v. Fargo***, 604 So. 2d 306, 311 (Miss, 1992), *i.e.*, the violation of a substantive right of a defendant, ***Grubb v. State***, 584 So. 2d 786, 789 (Miss. 1991). Such circumstances are required for this Court to consider plain error, despite failure to preserve such error. *See, e.g.,* ***McGee v. State***, 2007 Miss. LEXIS 19, at *6 (Miss. 2007) (considering a ***Batson*** challenge despite the fact that defendants raised it for the first time on appeal). No such circumstances appear here.

**CONCLUSION**

¶23.    With regard to the sufficiency of the evidence, we affirm the trial court judgment of conviction of Ford for possession of the thirteen and a half grams he actually possessed with intent to distribute and the conviction of Dixon for possession of the six and a half grams he actually possessed with intent to distribute. As these convictions will not affect the sentence imposed by the trial court, we also affirm the judgments sentencing each defendant to a term of thirty years in the custody of the Mississippi Department of Corrections and ordering each to pay a fine of $500,000.  The evidence did not show beyond a reasonable doubt that either defendant was guilty of constructive possession of the cocaine found on the other person, the

total of which amounted to twenty grams. Therefore, we reverse the trial court judgment of conviction of possession of the entire twenty grams for each defendant, but affirm the conviction and sentence of each defendant for possession with intent to distribute cocaine. The results of the judgment of the trial court and Court of Appeals were right but for the wrong reasons.

¶24. As for the admissibility of the expert testimony, that issue is procedurally barred as it was raised for the first time on appeal.

¶25. **AS TO TRACY DIXON: CONVICTION OF POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE AND SENTENCE OF THIRTY(30) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAYMENT OF A FINE OF 500,000, AFFIRMED.**

**AS TO JERRY LEE FORD: CONVICTION OF POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE AND SENTENCE OF THIRTY (30) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAYMENT OF A 500,000 FINE, AFFIRMED.**

**DIAZ, EASLEY, CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR. COBB, P.J., CONCURS IN RESULT ONLY. WALLER, P.J., NOT PARTICIPATING.**