CHAMBERLIN, JUSTICE, FOR THE COURT:
¶ 1. After a trial, a jury convicted Darius Parnell Haynes in the Circuit Court of Copiah County of two counts: possession of cocaine while in possession of a firearm and possession of a weapon by a felon. Because the evidence was legally sufficient to support the conviction of possession of cocaine, we affirm Haynes's conviction for possession and the corresponding sentence. The conviction and sentence for possession of a firearm by a felon are not *1243 affected as Haynes has not requested that we review them.
FACTS AND PROCEDURAL HISTORY
¶ 2. On March 27, 2016, Haynes and Kimmeisha Harris fought at a friend's house. After the fight, Haynes left with Xavier Brown in Brown's maroon Mercury Marquis, which had broken-out back window. Meanwhile, Harris went to the hospital, where she gave Investigator Wendell Fountain a statement. Harris told Investigator Fountain that, during the fight, she thought she had seen Haynes with a gun and that Haynes had threatened to shoot her. Harris also gave Investigator Fountain a description of the car in which Haynes had left.
¶ 3. After leaving the hospital, Investigator Fountain spotted a maroon Mercury Marquis with a broken-out back window at a nearby gas station. Brown was standing outside the car, pumping gas. Haynes was sitting in the passenger seat. Investigator Fountain approached the vehicle and noticed a small plastic bag containing a white substance, which was identified at trial as 0.34 grams of cocaine. The plastic bag was in plain view, located in the ashtray between the driver and passenger seats. Investigator Fountain asked Haynes "if he knew why he was making contact with him." According to Investigator Fountain, Haynes said, "It's probably because of a little incident that I just had." Investigator Fountain then received consent from Brown to search the car, and he found a gun in the glove box. Brown testified that the gun in the glove box belonged to Haynes and was the same gun from the incident at the friend's house.
¶ 4. Brown also testified concerning State's Exhibit 3, the small plastic bag of cocaine[1] that Investigator Fountain had recovered from the ashtray. The following exchange between the State and Brown entered evidence:
State: [D]id you get a chance to snort any of that cocaine that night?
Brown: Yes, sir.
...
State: So when you had that substance, you believed it to be cocaine?
Brown: Yes, sir.
State: And so you said you snorted it.
Brown: Yes, sir.
State: Who else was with you when you snorted that substance believed to be cocaine?
Brown: Darius [Haynes].
State: And did he snort some of that substance that you believed to be cocaine?
Brown: Yes, sir.
State: So when the officer came up, he saw the remainder of the substance; is that right?
Brown: Yes, sir.
State: And the substance that you two were using came out of this content [sic]?
Brown: Yes, sir.
Brown also testified that the cocaine found in the car belonged only to him, not Haynes.
¶ 5. On November 16, 2016, a jury found Haynes guilty of possession of cocaine while in possession of a firearm and possession of a weapon by a felon. The trial court sentenced Haynes to three years for the possession offense, which was enhanced due to the firearm possession, and to ten years for being a felon in possession of a firearm.[2] Both sentences were to be served concurrently without the benefit of *1244 parole. Haynes filed a motion for judgment notwithstanding the verdict, challenging the sufficiency of the evidence.[3] The trial court denied the motion, and Haynes filed his notice of appeal as to both counts. On appeal, Haynes contests only his conviction on Count I. He argues that the evidence is legally insufficient to support his conviction for possession of cocaine.
STANDARD OF REVIEW
¶ 6. This Court reviews de novo a trial court's ruling on the legal sufficiency of the evidence. Brooks v. State , 203 So.3d 1134, 1137 (Miss. 2016). When reviewing a case for sufficiency of the evidence, " '[a]ll credible evidence [that] is consistent with guilt must be accepted as true, and the State is given the benefit of all favorable inferences that may be reasonably drawn from the evidence.' " Burrows v. State , 961 So.2d 701, 705 (Miss. 2007) (quoting Daniels v. State , 742 So.2d 1140, 1142 (Miss. 1999), overruled on other grounds by Wilson v. State , 194 So.3d 855, 867-68 (Miss. 2016) ). We examine the evidence in the light most favorable to the State, while keeping in mind the beyond-a-reasonable-doubt burden of proof standard. Dees v. State , 126 So.3d 21, 26 (Miss. 2013). "Should the facts and inferences ... 'point in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty,' the proper remedy is for the appellate court to reverse and render." Brown v. State , 965 So.2d 1023, 1030 (Miss. 2007). Ultimately, " '[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Shelton v. State , 214 So.3d 250, 256 (Miss. 2017) (quoting Bush v. State , 895 So.2d 836, 843 (Miss. 2005), overruled on other grounds by Little v. State , 233 So.3d 288, 291 (Miss. 2017) ).
ANALYSIS
Whether the evidence was sufficient to convict Haynes of possession of cocaine.
¶ 7. Haynes was charged and convicted under Mississippi Code Sections 41-29-139(c)(1)(B), which makes it a crime to possess one-tenth (0.1) gram or more, but less than two (2) grams, of a Schedule II controlled substance, and 41-29-152(1), which allows for a sentence enhancement of a possession conviction. Miss. Code Ann. § 41-29-139(c)(1)(B) (Rev. 2013); Miss. Code Ann. § 41-29-152(1) (Rev. 2013). "Possession of a controlled substance may be actual or constructive, individual or joint." Dixon v. State , 953 So.2d 1108, 1112 (Miss. 2007). "Two or more persons may be in possession where they have joint power of control and an inferable intent to control jointly." Wolf v. State , 260 So.2d 425, 432 (Miss. 1972). In this case, the record is uncontradicted that Haynes lacked actual possession of the cocaine at the time of his arrest, so the State had the burden to prove Haynes had constructive possession of it.
¶ 8. For constructive possession, this Court has developed the following framework:
[W]hat constitutes a sufficient external relationship between the defendant and *1245 the narcotic property to complete the concept of "possession" is a question which is not susceptible to a specific rule. However, there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it.... Constructive possession may be shown by establishing that the drug involved was subject to [the defendant's] dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.
Hudson v. State , 30 So.3d 1199, 1203 (Miss. 2010) (citations omitted). Moreover, one who owns a vehicle in which contraband is found is presumed to be in constructive possession of those illicit items. Dixon , 953 So.2d at 1113. "However, when contraband is found [in a vehicle that is] not owned by a defendant, mere physical proximity to the contraband does not, in itself, show constructive possession .... [T]he State [is] required to establish additional incriminating circumstances in order to prove constructive possession." Ferrell v. State , 649 So.2d 831, 834 (Miss. 1995) (emphasis in original).
¶ 9. Here, the evidence in the record is legally sufficient to support the conviction of possession of cocaine. The cocaine was discovered in plain view in a car in which Haynes was sitting. More so, Haynes was sitting in the passenger seat right next to the ashtray that held the cocaine. The record also demonstrated that Haynes was aware of the cocaine as Brown admitted that he and Haynes had "snorted" cocaine from the package in the ashtray "that night" and that Officer Fountain "saw the remainder of the" cocaine that the two had used. The fact that Brown and Haynes had "snorted" this same cocaine also shows that Haynes exerted "dominion and control" over the cocaine.
¶ 10. The dissent relies on Harris v. Blackburn , 646 F.2d 904 (5th Cir. 1981), a split-panel, Fifth Circuit decision as authority to reverse. The evidence of Haynes's use of the seized cocaine, though, distinguishes this case from Harris. Unel Harris, the defendant in Harris -who was a passenger in someone else's car-was not linked to the specific heroin that was recovered from the vehicle. Harris , 646 F.2d at 906. In its analysis, the Harris court noted that Harris's track marks, "given the absence of any traces of heroin use or of any paraphernalia needed for such use in [the] car, ... in no way operate to prove that Harris had control or dominion over the specific heroin found wrapped in packets in [the] car." Id. Unlike the lack of evidence in Harris , the evidence in this record demonstrates that Haynes used a portion of the same cocaine that was found in the ashtray. In other words, we-unlike the Fifth Circuit panel-are faced with evidence that "operate[s] to prove that [Haynes] had control or dominion over the specific [cocaine] found wrapped in [a] packet[ ] in [Brown's] car." Id. Indeed, Brown agreed that he and Haynes had "snorted" cocaine from the package in the ashtray "that night" and that Officer Fountain "saw the remainder of the" cocaine that the two had used. Thus, Harris is not persuasive given the evidence in the record.
¶ 11. Further, the dissent's position would narrow established criminal law by equating ownership and possession-two distinct concepts in our law.[4] Possession-not *1246 ownership-is the issue before this Court.
¶ 12. Brown's testimony that "the cocaine belonged to me" did not foreclose the jury from determining that Haynes also had possessed the cocaine, as Haynes exerted "dominion and control" over it. Hudson v. State , 30 So.3d 1199, 1203 (Miss. 2010). As we noted above, "[p]ossession of a controlled substance may be ... individual or joint." Dixon , 953 So.2d at 1112. "Two or more persons may be in possession where they have joint power of control and an inferable intent to control jointly." Wolf v. State , 260 So.2d 425, 432 (Miss. 1972). Further, the jury simply could have found that Brown's claim of ownership was not truthful. " 'Factual disputes are properly resolved by a jury....' " Flynt v. State , 183 So.3d 1, 10 (Miss. 2015) (citing Beasley v. State , 136 So.3d 393, 403 (Miss. 2014) ).
¶ 13. In fact, the evidence of Brown's and Haynes's prior relationship served to discredit Brown's claim of ownership.[5] Brown-a short while before the interaction with Officer Fountain-had broken up an altercation between Haynes and others, had seen Haynes brandish a weapon and had agreed to transport Haynes away from the scene. Brown knew Haynes. From his own testimony, he had used drugs with Haynes. The jury could have found that Brown had an incentive to claim ownership of the cocaine and shield his friend from further criminal liability in light of Haynes's prior felony record and the fact that Haynes had a firearm in the vehicle.
¶ 14. The only question before us on a challenge to the sufficiency of the evidence is whether the jurors could have found the essential elements of the charge beyond a reasonable doubt after viewing the evidence in the light most favorable to the prosecution. On this record, they could. Today, we heed the guidance of the dissent in Harris that an appellate court is not to "undertake[ ] a de novo review of the evidence using the typewritten transcript of the testimony." Harris , 646 F.2d at 908 (Ainsworth, J., dissenting).
CONCLUSION
¶ 15. The cocaine was recovered in plain view next to Haynes. The evidence demonstrated that Haynes had used that same cocaine earlier that night. These facts are enough to support the jury's finding that Haynes possessed the cocaine. Thus, we affirm Haynes's conviction and sentence.
¶ 16. AFFIRMED.
RANDOLPH, P.J., COLEMAN, MAXWELL AND BEAM, JJ., CONCUR. WALLER, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, P.J., KING AND ISHEE, JJ.

Brown's testimony took place before Allison Conville of the Mississippi Forensic Laboratory had identified the white substance in State's Exhibit 3 as cocaine.

Upon review of the trial court's bench order and the written sentencing order, there is a possible discrepancy as to the length of the sentence for the possession of cocaine. The bench order could be read to sentence Haynes to six years on the charge. We find that the trial court's written order-sentencing Haynes to three years-controls. Our determination does not affect the length of time served by Haynes given his sentence for possession of a firearm.

Haynes also previously had moved for directed verdict at the close of both the prosecution's and defense's cases-in-chief.

Compare Ownership , Black's Law Dictionary (10th ed. 2014) ("Ownership implies the right to possess a thing ...") with Possession, Criminal Possession , Black's Law Dictionary (10th ed. 2014) ("... the exercise of dominion over property"), ("The unlawful possession of certain prohibited articles, such as illegal drugs ...").

Brown's and Haynes's prior relationship further distinguishes this case from Harris. In Harris , there was no evidence of any relationship between the driver of the vehicle and the defendant. Harris , 646 F.2d at 906.