# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-CT-00623-SCT

*CEPHUS CHANNING TERRY a/k/a CEPHUS C.*
*TERRY a/k/a CEPHUS TERRY*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 11/21/2018 |
| TRIAL JUDGE: | HON. MARK SHELDON DUNCAN |
| TRIAL COURT ATTORNEYS: | CHRISTOPHER M. POSEY |
| | BRIAN BURNS |
| | WADE WHITE |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WILLIAM B. JACOB |
| | JOSEPH A. KIERONSKI, JR. |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: META S. COPELAND |
| | BARBARA BYRD |
| DISTRICT ATTORNEY: | STEVEN KILGORE |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 01/21/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     Cephus Terry was charged with possession of cocaine with intent to sell, possession of methamphetamine, possession of Tramadol, and two counts of possession of a firearm by a felon. He was convicted on all five counts, and the Neshoba County Circuit Court sentenced him as a habitual offender to serve forty-six years in the custody of the Mississippi

Department of Corrections. The trial court denied his motion for a new trial, and the Mississippi Court of Appeals affirmed. *Terry v. State*, No. 2019-KA-00623-COA, 2020 WL 772949, at *5 (Miss. Ct. App. Feb. 18, 2020). Terry filed a petition for writ of certiorari, which we granted.

**FACTS AND PROCEDURAL HISTORY**

¶2. On August 2, 2017, Deputy Ralph Sciple and five other officers executed a search warrant on an apartment in Philadelphia, Mississippi. The warrant was issued based on a tip from a confidential informant that there were drugs in the apartment. Upon arriving at the apartment, the officers observed a vehicle with an open door and loud music playing. The door to the apartment was open. Sciple stated that he knocked on the door and yelled, "sheriff's office, I've got a warrant." Sciple then pushed the door open and entered the apartment. Upon entering, Sciple noticed a small child asleep on the couch. Sciple repeated himself and then saw Cephus Terry and another small child exit the bathroom. Sciple noticed a white powdery substance on a table, along with sandwich bags, baking soda, and a set of scales. The items were in plain view. Sciple also found a bag that contained a white substance on the table. Sciple also found pills on the table and in other places throughout in the apartment. The items were sent to the Mississippi Forensics Laboratory for identification. Jamie Johnson of the forensics lab testified that the substances found in the apartment included caffeine tablets, two dosage units of methamphetamine, 26.917 grams of cocaine, dimethyl sulfone, and twenty-nine dosage units of Tramadol. Additionally, two firearms, a .22 caliber pistol and a .45 caliber high-point pistol were found in the apartment

2

in the same room as the drugs.

¶3.    Sciple testified that he read Terry his rights and that he then asked Terry how long he had been living there. Sciple testified that Terry responded, "about a year." However, Terry testified at trial that he did not live at the apartment. Terry stated he thought Sciple was asking how long the kids had lived there. Terry stated that the only reason he was at the apartment was to pick up his kids, and he was not aware of the drugs or the firearms. Terry stipulated that he had been charged previously with a felony and that he had pled guilty.

¶4.    Kiara Baxstrum, the mother of the children, testified that Terry did not live at the apartment. Baxstrum testified that she had asked Terry to pick up the children and take them to their grandfather's house. Baxstrum testified that all of the drugs and firearms belonged to her.

¶5.    Terry was convicted on all five counts by a Neshoba County jury, and the Neshoba County Circuit Court sentenced him as a habitual offender under Mississippi Code Section 99-19-81 (Rev. 2015) to serve forty-six years in the custody of the Mississippi Department of Corrections (MDOC). Terry filed a motion for a new trial, which was denied. Terry then appealed his conviction and sentence, and the case was assigned to the Court of Appeals, which affirmed. *Terry v. State*, No. 2019-KA-00623-COA, 2020 WL 772949, at \*5 (Miss. Ct. App. Feb. 18, 2020). Terry then filed a petition for writ of certiorari, which we granted.

## STANDARD OF REVIEW

¶6.    When reviewing a challenge to the sufficiency of the evidence, "[a]ll credible evidence [that] is consistent with guilt must be accepted as true, and the State is given the

3

benefit of all favorable inferences that may be reasonably drawn from the evidence." *Haynes v. State*, 250 So. 3d 1241, 1244 (¶ 6) (Miss. 2018) (alterations in original) (internal quotation marks omitted) (quoting *Burrows v. State*, 961 So. 2d 701, 705 (¶ 9) (Miss. 2007)). "Matters regarding the weight and credibility of the evidence are to be resolved by the jury." *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993) (citing *Neal v. State*, 451 So. 2d 743, 758 (Miss. 1984)).

## DISCUSSION

¶7. Terry argues that the State failed to prove he constructively possessed the drugs and firearms. Terry further argues that the court erred by improperly instructing the jury regarding constructive possession.

### I. The State proved every element of the crime beyond a reasonable doubt.

¶8. Terry argues that insufficient evidence proved that he had constructively possessed the charged contraband. "Possession of a controlled substance may be actual or constructive, individual or joint." *Haynes*, 250 So. 3d at 1244 (¶ 7) (internal quotation marks omitted) (quoting *Dixon v. State*, 953 So. 2d 1108, 1112 (¶ 9) (Miss. 2007)). Additionally, the Court has stated,

> What constitutes a sufficient external relationship between the defendant and the narcotic property to complete the concept of "possession" is a question which is not susceptible to a specific rule. However, there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. . . . Constructive possession may be shown by establishing that the drug involved was subject to [the defendant's] dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.

4

***Haynes***, 250 So. 3d at 1244-45 (¶ 8) (alterations in original) (quoting ***Hudson v. State***, 30

So. 3d 1199, 1203 (¶ 10) (Miss. 2010)).

¶9.    Additionally,

> this Court has affirmed a conviction based on constructive possession when:
> (1) The defendant owned the premises where the drugs were found and failed
> to rebut the presumption that he was in control of such premises and the
> substances within; or (2) the defendant did not own the premises but was
> sufficiently tied to the drugs found there by (a) exerting control over the
> premises when he knew or should have known of the presence of the substance
> or (b) placing himself in the midst of items implicating his participation in the
> processing of the substance.

***Dixon v. State***, 953 So. 2d 1108, 1113 (¶ 11) (Miss. 2007).

¶10.    Terry argues that the State failed to show "additional incriminating circumstances";

however, the State did introduce testimony through Sciple that Terry stated that he lived in

the apartment. It is true that both Terry and Baxstrum disputed the testimony, but that merely

created an issue of fact. "Matters regarding the weight and credibility of the evidence are to

be resolved by the jury." ***McClain v. State***, 625 So. 2d 774, 778 (Miss. 1993) (citing ***Neal***

***v. State***, 451 So. 2d 743, 758 (Miss. 1984)).

¶11.    The Court also has held,

> The correct rule in this jurisdiction is that one in possession of premises upon
> which contraband is found is presumed to be in constructive possession of the
> articles, but the presumption is rebuttable. We have held that where contraband
> is found upon premises not in the exclusive control and possession of the
> accused, additional incriminating facts must connect the accused with the
> contraband. Where the premises upon which contraband is found is not in the
> exclusive possession of the accused, the accused is entitled to acquittal, absent
> some competent evidence connecting him with the contraband. ***Sisk v. State***,
> 290 So. 2d 608, 611 (Miss. 1974).

***Powell v. State***, 355 So. 2d 1378, 1379 (Miss. 1978).

5

¶12.   The language in *Powell* was interpreted by the Court of Appeals: "if ownership or possession of the vehicle does not create a presumption of constructive possession because that ownership or possession was not exclusive, then the jury must find incriminating circumstances in addition to the defendant's non-exclusive ownership or possession." *Mosley v. State*, 89 So. 3d 41, 49 (Miss. Ct. App. 2011). While it is true that simply being in nonexclusive possession of the residence is insufficient to prove constructive possession, the drugs in the case *sub judice* were in plain view in a common area of the residence.

¶13.   In *Ferrell v. State*, the driver of a vehicle was charged with constructive possession of crack. *Ferrell v. State*, 649 So. 2d 831, 835 (Miss. 1995). However, on appeal the Court stated,

> [t]he State claims that the location of the matchbox next to the driver's seat and the 15 hours which Ferrell had possession of the car amounted to additional incriminating circumstances. These contentions are incorrect. Just as in *Fultz* [*v. State*, 573 So. 2d 689, 691 (Miss. 1990)], the contraband was not positioned in such a way that its presence would be reasonably apparent to a person riding in the car. *The mere fact that the matchbox was only a matter of inches from where the defendant was sitting, rather than in the trunk, does not overcome the fact that the crack was cloaked. Cunningham v. State*, 583 So. 2d 960, 962 (Miss. 1991).

*Id.* at 835 (emphasis added).

¶14.   Unlike the drugs in *Ferrell*, the drugs in the case *sub judice* were in plain view, and Terry was the only adult in the apartment at the time. The drugs were not "cloaked" in any way. Again, convictions for constructive possession have been affirmed when,

> the defendant did not own the premises but was sufficiently tied to the drugs found there by (a) exerting control over the premises when he knew or should have known of the presence of the substance or (b) placing himself in the

6

midst of items implicating his participation in the processing of the substance.

***Dixon v. State***, 953 So. 2d 1108, 1113 (¶ 11) (Miss. 2007).

¶15. The jury heard evidence that Terry lived in the apartment. At the time the search warrant was executed, Terry was exerting control over the premises. Because the drugs were in plain view, Terry knew or should have known of the presence of the substance. Accordingly, considering the evidence in the light most favorable to the State, sufficient evidence supported the jury's verdict.

**II.       The trial judge did not err by improperly instructing the jury regarding the issue of constructive possession.**

¶16. Terry argues that the trial judge erred by failing to instruct the jury that proximity alone was insufficient to prove constructive possession and that "other incriminating circumstances" were required to be proved beyond a reasonable doubt by the State. However, Terry only objected to the jury instructions based on the rebuttable presumption of control in jury instruction S-6, not based on proximity. Additionally, Terry agreed to remove instruction D-9, which instructed the jury on the "other incriminating circumstances." "We do not consider matters on appeal that were not placed first before the trial judge for decision. A trial judge cannot be put in error on a matter which was not placed before him for decision." ***Duplantis v. State***, 708 So. 2d 1327, 1339 (¶ 49) (Miss. 1998) (citing ***Holland v. State***, 587 So. 2d 848, 868 (Miss. 1991)). While Terry did object to jury instruction S-6, and the State agreed to a modification, the objection was based on the rebuttable presumption. Terry did not base his objection to the instruction on proximity. "A specific objection on a specific ground stated to the court does not warrant on appeal a reversal of a

7

case on another and different ground of objection." *Stringer v. State*, 279 So. 2d 156, 158 (Miss. 1973) (quoting *Peters v. State*, 158 Miss. 530, 130 So. 695, 695 (1930)). Accordingly, the jury-instruction issue is procedurally barred on appeal.

¶17. Notwithstanding the procedural bar, the jury instructions did inform the jury that a person "must be aware of the nature and quality of the item" and that a person must be "intentionally and consciously in possession of it" to be convicted of constructive possession. Therefore, the instructions did inform the jury that more than proximity was required for Terry to be convicted of constructive possession.

## CONCLUSION

¶18. Because the jury heard evidence that the drugs were in plain view and that Terry lived in the apartment, sufficient evidence supported the jury's verdict. Additionally, Terry's argument that the trial judge erred by improperly instructing the jury as to the issue of constructive possession is subject to a procedural bar. Accordingly, we affirm the judgments of the Court of Appeals and of the Neshoba County Circuit Court.

¶19. **AFFIRMED.**

**RANDOLPH, C.J., MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR. KITCHENS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J., AND ISHEE, J. KING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, P.J., AND ISHEE, J.**

**KITCHENS, PRESIDING JUSTICE, DISSENTING:**

¶20. The majority finds that "[b]ecause the jury heard evidence that the drugs were in plain view and that Terry lived in the apartment, sufficient evidence supported the jury's verdict." Maj. Op. ¶ 18. I disagree because the State did not prove that Terry exercised control over

8

the premises and the contraband. Additionally, I disagree with the majority's finding that, notwithstanding the procedural bar, "the instructions did inform the jury that more than proximity was required for Terry to be convicted of constructive possession." Maj. Op. ¶ 17. Therefore, I respectfully dissent.

¶21.   This Court has held that

> there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. . . . Constructive possession may be shown by establishing that the drug involved was subject to [the defendant's] dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.

*Haynes v. State*, 250 So. 3d 1241, 1245 (Miss. 2018) (alterations in original) (quoting *Hudson v. State*, 30 So. 3d 1199, 1203 (Miss. 2010)). This Court treats constructive possession differently depending on whether the defendant is the owner of the property. Specifically, this Court has said:

> one who is the owner in possession of the premises . . . is presumed to be in constructive possession of the articles found in or on the property possessed. The presumption of a constructive possession, however, is a rebuttable presumption and must give way to the facts proven. Moreover, the rebuttable presumption of constructive possession does not relieve the State of the burden to establish defendant's guilt as required by law and the defendant is presumed to be innocent until this is done.

*Dixon v. State*, 953 So. 2d 1108, 1113 (Miss. 2007) (quoting *Hamburg v. State*, 248 So. 2d 430, 432 (Miss. 1971)). If the defendant does not own the premises, "[t]his Court has found the evidence to be sufficient when the defendant . . . was in control of the premises where the controlled substance was found and due to the circumstances at the time, knew or should have known that the substance was on the premises." *Id.* at 1114. Simply, when the

defendant does not own the premises, as in this case, proof must be adduced of the defendant's control of the premises and knowledge of the contraband. *Id.*

¶22. Here, the State did not adduce substantial evidence that Terry was an owner or an occupant of the apartment. The only evidence the State presented to establish Terry's ownership or residency was Deputy Sheriff Ralph Sciple's disputed testimony that Terry said he had lived at the apartment for a year. Yet no proof corroborated Sciple's testimony that Terry lived in the apartment, nor was any evidence presented that showed that Terry had paid rent, utility bills, or that he had any personal items in the apartment. Such evidence, if any existed, easily could have been discovered by the State. Because the State failed to prove that Terry was an owner or resident of the apartment, the presumption does not apply. Accordingly, the State was required to produce "additional incriminating facts . . . connect[ing] the accused with the contraband." ***Powell v. State***, 355 So. 2d 1378, 1379 (Miss. 1978). It was incumbent on the State to "sufficiently tie[]" Terry to the contraband by either showing that Terry was "exerting control over the premises when he knew or should have known of the presence of the [contraband]" or showing that Terry was "in the midst of items implicating his participation in the processing of the substance." ***Dixon***, 953 So. 2d at 1113. There was no evidence "implicating [Terry's] participation in the processing of the substance." *Id.*

¶23. The majority finds that the State provided sufficient evidence to support the jury's verdict because the drugs here "were in plain view, and Terry was the only adult in the apartment at the time." Maj. Op. ¶ 14. But the standard for constructive possession requires

10

a defendant to be "aware of the presence and character of the particular substance" *and* to be "intentionally and consciously in possession of it." **Haynes**, 250 So. 3d at 1245 (quoting **Hudson**, 30 So. 3d at 1203). Knowing that an item is present and exercising dominion and control over it are two different things, both of which are required to establish constructive possession. While Terry may have seen the contraband in plain view, there is no evidence proving that he exerted control over it.

¶24.    The majority seems to equate "Terry['s being] the only adult in the apartment at the time[,]" maj. Op. ¶ 14, with "Terry['s] . . . exerting control over the premises." Maj. Op. ¶ 15. But Terry's being the only adult in the apartment proves his proximity only, not dominion and control. This Court repeatedly has declared that proximity alone "is not adequate in the absence of other incriminating circumstances." **Haynes**, 250 So. 3d at 1245 (quoting **Hudson**, 30 So. 3d at 1203); *see also* **Kerns v. State**, 923 So. 2d 196, 200 (Miss. 2005) ("[W]hen contraband is found on premises which are *not* owned by a defendant, mere physical proximity to the contraband does not, in itself, show constructive possession." (alterations in original) (internal quotation marks omitted) (quoting **Cunningham v. State**, 583 So. 2d 960, 962 (Miss. 1991))). "[W]hen contraband is found on premises, there must be evidence, *in addition to physical proximity*, showing the defendant consciously exercised control over the contraband, and, absent this evidence, a finding of constructive possession cannot be sustained." **Kerns**, 923 So. 2d at 200 (emphasis added) (internal quotation marks omitted) (quoting **Cunningham**, 583 So. 2d at 962). Here, the State relied solely on Terry's having been the only adult in proximity to the drugs. During closing argument, the

prosecuting attorney stated the following:

> Who's exercising dominion and control over this apartment when Ralph Sciple comes through that door? Cephus Terry is. He's the only adult in there. He's the only adult in close proximity to all these items. He's in the same room as all these items. All right? He's the only one exercising dominion and control over these items.

Additionally, the State's witness, Deputy Sciple, on cross-examination, agreed that ownership of the contraband was based on "whoever was there at that moment" and testified that he did not attempt to verify who owned the property. While the State's "theory may be correct, . . . there was not additional incriminating evidence beyond his presence in the room to support constructive possession[.]" *Gavin v. State*, 785 So. 2d 1088, 1094 (Miss. Ct. App. 2001); *see also* *McGlothin v. State*, 238 So. 3d 1, 6 (Miss. Ct. App. 2017).

¶25. In *Naylor v. State*, 730 So. 2d 561, 566 (Miss. 1998), this Court found that the State had failed to prove constructive possession because the only evidence, in addition to the defendant's proximity to the drugs, was that the defendant's "wallet was found in a closet" and that the defendant "was in possession of $748.00 in cash." By comparison, far less evidence was presented here because none of Terry's personal items were found in the apartment—not a wallet, not a toothbrush, and none of his clothing. Kiara Baxstrum testified that the only people who lived at the apartment were she and her kids. Both Baxstrum and Terry testified that Terry had no personal belongings at the apartment. That testimony was not contradicted. Baxstrum testified also that everything in the apartment, including the contraband at issue, belonged to her and her alone. Baxstrum's testimony in this regard was reinforced by Deputy Sciple's rebuttal testimony. Sciple testified that "[Baxstrum] came to

12

[his] office and said that the two pistols were hers, and she wanted them back." Mississippi law is clear: proximity to contraband is not enough to sustain a conviction for constructive possession in the absence of other incriminating evidence. *Haynes*, 250 So. 3d at 1245 ("[M]ere physical proximity to the contraband does not, in itself, show constructive possession . . . . [T]he State [is] required to establish additional incriminating circumstances in order to prove constructive possession." (second, third, and fourth alterations in original) (internal quotation mark omitted) (quoting *Ferrell v. State*, 649 So. 2d 831, 834 (Miss. 1995))); *Kerns*, 923 So. 2d at 200 ("[T]he state must show additional incriminating circumstances to justify a finding of constructive possession." (internal quotation marks omitted) (quoting *Fultz v. State*, 573 So. 2d 689, 690 (Miss. 1990))). Here, there is none.

¶26.    "In reviewing a challenge to the sufficiency of the evidence, the critical inquiry is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Parish v. State*, 176 So. 3d 781, 785 (Miss. 2015) (quoting *Bush v. State*, 895 So. 2d 836, 843 (Miss. 2005), *abrogated on other grounds by Little v. State*, 233 So. 3d 288 (Miss. 2017)). "The only question before us on a challenge to the sufficiency of the evidence is whether the jurors could have found the essential elements of the charge beyond a reasonable doubt after viewing the evidence in the light most favorable to the prosecution." *Haynes*, 250 So. 3d at 1246. Even considering the evidence in the light most favorable to the State, the evidence here is insufficient to prove the necessary element of "intentionally and consciously in possession" of the contraband. *Id.* at 1245 (quoting *Hudson*, 30 So. 3d at

13

1203). At best, the State's evidence places Terry in proximity to the contraband.

¶27.    I disagree also with the majority's assessment of the sufficiency of the jury instructions. Although Terry failed to preserve this issue for appeal, the majority found that, notwithstanding the procedural bar, the jury was informed "that more than proximity was required for Terry to be convicted of constructive possession." Maj. Op. ¶ 17. With respect, I disagree. The instructions do not inform the jury fully and directly that proximity alone is insufficient to sustain a constructive possession conviction. *See* ***Richardson v. Norfolk S. Ry. Co.***, 923 So. 2d 1002, 1010 (Miss. 2006) ("When we review a claim of trial court error in granting or denying jury instructions, we are required to read and consider all of the jury instructions together as a whole." (citing ***Burr v. Miss. Baptist Med. Ctr.***, 909 So. 2d 721, 726 (Miss. 2005)). The State's case relied heavily on Terry's having been the only adult in the apartment and his proximity to the contraband. The jury should have been told explicitly what this Court consistently has held regarding proximity in constructive possession cases because it goes directly to the State's theory of the case. *See* ***Young v. Guild***, 7 So. 3d 251, 259 (Miss. 2009) ("On appellate review of the trial court's grant or denial of a proposed jury instruction, our primary concern is that 'the jury was fairly instructed and that each party's proof-grounded theory of the case was placed before it.'" (quoting ***Splain v. Hines***, 609 So. 2d 1234, 1239 (Miss. 1992))); *see also* ***Haynes***, 250 So. 3d at 1245 ("Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances." (quoting ***Hudson***, 30 So. 3d at 1203)). Additionally, the State's evidence is entirely circumstantial because no confession or eyewitness testimony established that Terry

exercised control over the contraband. This Court has held that, when a case lacks direct evidence, a defendant is entitled to a circumstantial evidence instruction that requires the jury to "find that each element of the offense has been established beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence." *Mack v. State*, 481 So. 2d 793, 794 (Miss. 1985) (citing *Keys v. State*, 478 So. 2d 266 (Miss. 1985)); *see also Moore v. State*, 247 So. 3d 1198, 1203 (Miss. 2018) ("[w]here the State 'is without a confession and wholly without eyewitness testimony to the gravamen of the offense charged,' the defendant is entitled to an instruction requiring the jury to 'exclude every other reasonable hypothesis other than that of guilt before a conviction can be had.'" (internal quotation marks omitted) (quoting *Burleson v. State*, 166 So. 3d 499, 509 (Miss. 2015))). Terry did present a reasonable hypothesis that was consistent with his innocence, and it was not overcome by proof of his guilt beyond a reasonable doubt and to the exclusion of that hypothesis. Therefore, I would find that, notwithstanding the procedural bar, the jury was not adequately informed of the applicable law and that this case should be reversed. *See Richardson*, 923 So. 2d at 1011 ("[W]e are required to find reversible error if the instructions in any given case, when considered together as a whole, do not fairly and adequately instruct the jury.").

¶28.  When the entirety of the evidence is considered in the light most favorable to the prosecution, the only evidence the State presented is Terry's proximity to the contraband, which alone is not sufficient to sustain a conviction for constructive possession. Regardless of whether the contraband was in plain view, no evidence was presented that demonstrated

15

that Terry exerted control over the contraband. There must be evidence that demonstrates that the defendant exercised control of the contraband and that the defendant had knowledge or should have had knowledge of the contraband. I cannot believe that a rational juror who had been adequately informed that proximity to contraband alone is insufficient to convict would have voted for a guilty verdict. Therefore, I would reverse and render.

**KING, P.J., AND ISHEE, J., JOIN THIS OPINION.**

**KING, PRESIDING JUSTICE, DISSENTING:**

¶29.    I join Presiding Justice Kitchens's well-reasoned dissent. I also believe that additional facts demonstrate that the State failed to prove that Terry had knowledge of the presence and character of the drugs.

¶30.    "It is elementary that the burden of proof is on the State to establish ownership . . . ." ***Johnson v. State***, 81 So. 3d 1020, 1024 (Miss. 2011). As pointed out by Presiding Justice Kitchens in his dissent, the State offered no competent evidence that Terry lived at the apartment. It produced no lease, no evidence that his belongings were at the apartment, no mail to him addressed to the apartment, nothing. This Court has held that a failure by the police to investigate ownership amounts to a failure to prove any such ownership. ***Id.*** at 1024-25; ***Fultz v. State***, 573 So. 2d 689, 691 (Miss. 1990). We should likewise find a lack of ownership of the apartment by Terry in this case.

¶31.    To prove knowledge and intent in a possession case, the State must prove that Terry knew the drugs were present, knew that the drugs were illegal drugs, and intended to possess them. ***Hudson v. State***, 30 So. 3d 1199, 1206 (Miss. 2010). The State adduced no evidence

16

that Terry knew the drugs (or guns) were present, nor did it adduce any evidence that Terry knew the substances at issue were illegal drugs. The majority emphasizes that the drugs and guns were in plain view. Yet, the photographs introduced into evidence show an extremely cluttered apartment with extremely cluttered surfaces. The drugs and guns were all found amongst trash, toys, kitchen utensils, and multiple other objects. One spattering of white powder was next to a box of (white powder) baking soda. Another spattering of white powder was found next to a container of (white powder) infant formula. More drugs were cloaked within various bags. Some pills were found on a cluttered photo frame. More pills were located on a plate amongst clutter. "[T]he fact that the [drugs] could have been seen does not establish that [Terry] did, in fact, see [them]." *Hudson*, 30 So. 3d at 1206-07. Indeed, "[i]t is entirely possible that . . . [drugs were] visible, but [Terry] never saw [them] or knew [they were] there. That possibility is tantamount to reasonable doubt." *Id.* at 1207; *see also* ***Ferrell v. State***, 649 So. 2d 831, 835 (Miss. 1995) (where drugs were cloaked by a matchbox, constructive possession was not proven: "No drug paraphernalia was found in the car, Ferrell was not on drugs at the time he was arrested, and his fingerprints were not found on the matchbox. He was merely seated in the car next to what by all accounts appeared to be an ordinary matchbox."). The State introduced no evidence that Terry knew of the presence of the drugs or guns.

¶32. The State likewise did not adduce any evidence that Terry knew the character of the drugs. White powder was found next to legal items (baking soda and infant formula) that consist of white powder. The pills could have been any number of legal medicines. These

17

failures by the State, in addition to those described in Presiding Justice Kitchens's dissent, render the evidence against Terry insufficient to prove constructive possession. I would therefore reverse and render Terry's convictions.

**KITCHENS, P.J., AND ISHEE, J., JOIN THIS OPINION.**