# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-01107-COA

**AKEM GRASSAREE A/K/A AKEM GRASSEREE**         **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**         **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/10/2017 |
| TRIAL JUDGE: | HON. LARRY E. ROBERTS |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: JUSTIN TAYLOR COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| DISTRICT ATTORNEY: | SCOTT WINSTON COLOM |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED: 10/16/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., FAIR AND WILSON, JJ.**

**FAIR, J., FOR THE COURT:**

¶1. Akem Grassaree appeals his conviction of possession of cocaine. He argues that a jury instruction given on constructive possession improperly instructed the jury to presume an essential element of the crime. We find the jury was properly instructed and affirm.

## FACTS

¶2. On December 16, 2013, Officer Mike Delaney with the Lowndes County Sheriff's Department performed a traffic stop on a white Toyota Sequoia with no license plate traveling on Highway 45 South. He testified that as he approached the vehicle, he could see two people inside, and he could smell marijuana. The driver was Akem Grassaree, and the

passenger was his brother, Roman. Grassaree could not provide a driver's license. Officer Delaney ran a search for Grassaree's name and found that Grassaree had an outstanding warrant. Officer Delaney asked Grassaree to exit the vehicle and placed him in custody. Officer Delaney then searched the vehicle.

¶3.     Officer Delaney testified that he started searching the driver's side of the vehicle and found a small bag of what he believed to be marijuana, a small straw with white powder on it, and a small bag of white powder that was later confirmed to be .14 grams of cocaine. Grassaree denied knowledge of the cocaine, instead saying that he had just purchased the vehicle. Roman likewise denied the cocaine was his.

¶4.     Grassaree had purchased the vehicle a week earlier from Tedrick Liddell. Liddell testified that he owned a wrecker service and had been called to tow a white Toyota Sequoia that had been wrecked into a small creek full of water. Liddell took possession of the vehicle when the previous owner did not want it back. Liddell testified that the previous owner came and retrieved his belongings from the vehicle. Liddell then took steps to repair and dry out the vehicle. He removed the third-row seats and folded up the middle seat, and he sent the vehicle to get a new motor. Liddell then sold the vehicle to Grassaree. Liddell testified he did not look or put anything under the front seat.

¶5.     In April 2015, Grassaree was indicted on one count of possession of more than a tenth but less than two grams of cocaine. Miss. Code Ann. § 41-29-139(c)(1)(B) (Rev. 2013). The case proceeded to trial under a theory of constructive possession. On July 10, 2017,

2

Grassaree was found guilty as charged. He was sentenced to three years in the custody of the Mississippi Department of Corrections (MDOC), fined $1,000, and ordered to attend long-term therapeutic alcohol and drug treatment while in MDOC custody. His motion for a judgment notwithstanding the verdict or new trial was denied. He timely appealed.

## DISCUSSION

¶6.     Grassaree argues one issue on appeal: the trial court erred in granting jury instruction S-3 on constructive possession because it allowed the jury to presume his guilt and improperly shifted the burden to Grassaree to prove his innocence.

¶7.     We review the grant of a jury instruction for abuse of discretion. *Bailey v. State*, 78 So. 3d 308, 315 (¶20) (Miss. 2012). "The instructions are to be read together as a whole, with no one instruction to be read alone or taken out of context." *Id.* "When read together, if the jury instructions fairly state the law of the case and create no injustice, then no reversible error will be found." *Id.*

¶8.     Jury instruction S-3, offered by the State, said:

> The Court instructs the Jury that constructive possession does not require actual possession. Constructive possession may be established by proving that the cocaine was subject to the defendant's control. The Court further instructs the Jury that you *may presume* that a person is in constructive possession of his automobile's contents when he or she is occupying or exercising authority or control over the automobile.

(Emphasis added).

¶9.     To find Grassaree guilty of possession of cocaine, the jury was required to find beyond a reasonable doubt that on or about December 16, 2013, in Lowndes County,

3

Mississippi, Grassaree "knowingly and intentionally possess[ed]" cocaine in an amount greater than a tenth of a gram but less than two grams. Grassaree's counsel objected at trial to the use of jury instruction S-3 on the basis that it "presumes a presumption of guilt." The objection was overruled. On appeal, Grassaree argues that his conviction must be reversed because instruction S-3 is indistinguishable from the jury instruction condemned in *Reith v. State*, 135 So. 3d 862 (Miss. 2014).

¶10.    In *Reith*, Joseph Reith was convicted of the deliberate-design murder of his ex-wife with a deadly weapon. *Id.* at 864 (¶1). Reith did not deny killing his ex-wife with a deadly weapon; rather, he argued that he blacked out and lacked deliberate design, or intent, to commit murder. *Id.* at (¶2). The jury was instructed that "[d]eliberate design *may be presumed* from the unlawful and deliberate use of a deadly weapon." *Id.* at 865 (¶5) (emphasis added). The Mississippi Supreme Court found that the instruction was improper, reversed Reith's conviction, and remanded for a new trial. *Id.* at 867 (¶16). The supreme court found the instruction was in "hopeless conflict with the overriding presumption of innocence with which the law endows the accused." *Id.* at 865 (¶8). Because the instruction "told the jury that it may presume intent"—an essential element of the crime—"from the use of a deadly weapon," it improperly "allowed the jury to convict Reith based upon a presumption as opposed to evidence beyond a reasonable doubt." *Id.* at 865, 866 (¶¶8, 12). The supreme court further found that the "general instructions as to the State's burden and the defendant's presumption of innocence d[id] not dissipate the error in the challenged

4

portion of the instructions." *Id.* at 867 (¶14) (quoting *Williams v. State*, 111 So. 3d 620, 625 (¶15) (Miss. 2013)).

¶11.    We find the jury instructions given in this case are distinguishable from the instructions in *Reith*. Although instruction S-3 contained similar "may presume" language, the jury instructions here, when read as a whole, correctly instructed the jury on Mississippi law. Further, the instructions tracked Mississippi's model jury instruction on constructive possession.

¶12.    As recently as this year, our supreme court has reaffirmed the long-standing principle that "one who owns a vehicle in which contraband is found is presumed to be in constructive possession of those illicit items." *Haynes v. State*, 250 So. 3d 1241, 1245 (¶8) (Miss. 2018); *see also Townsend v. State*, 681 So. 2d 497, 509 (Miss. 1996) ("[W]hen contraband is found on premises owned by the [d]efendant, a presumption of constructive possession arises."). To prove constructive possession, "the State must prove that the defendant was both aware of the contraband and intentionally, although not physically, possessed it." *Carver v. State*, 227 So. 3d 1090, 1093 (¶12) (Miss. 2017). "Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances." *Id.* at 1094 (¶12). The defendant's mere ownership of a vehicle containing contraband is not enough to prove constructive possession. *Id.* When contraband is found in a vehicle but not directly in the defendant's physical possession, "[t]he State must prove dominion and control over the contraband and not simply the automobile . . . ." *Id.*

5

¶13. Consistent with our law, Mississippi Model Jury Instruction, Criminal, section 3:22 (2012),[1] on constructive possession states:

> Constructive possession does not require actual possession. Constructive possession may be established by proving that the _____ [specify item(s) constructively possessed] [was/were] subject to the defendant's control. A person *is presumed* to be in constructive possession of [his/her] [automobile/house/dwelling]'s contents when [he/she] is occupying or exercising [authority/control/dominance/dominion] over the [automobile/house/dwelling].

(Brackets in original; emphasis added). Instruction S-3 tracked this language, stating that "[c]onstructive possession may be established by proving that the cocaine was subject to the defendant's control" and that the jury "may presume that a person is in constructive possession of his automobile's contents when he or she is occupying or exercising authority or control over the automobile."

¶14. Standing alone, the disputed portion of instruction S-3 allowing the jury to presume constructive possession based on Grassaree "occupying or exercising authority or control" over the vehicle is an incorrect statement of the law. Although this portion of the jury instruction is consistent with the last sentence of model jury instruction section 3:22, it is incomplete. As provided in the model jury instruction, the State is also required to show that the contraband was "subject to the defendant's control." Instruction S-3 required that the cocaine be "subject to [Grassaree]'s control." This requirement was covered by the defense's

---

[1] "[T]he model jury instructions are only guidelines and have not been adopted by [the Mississippi Supreme] Court." *Baker & McKenzie LLP v. Evans*, 123 So. 3d 387, 408 (¶79) (Miss. 2013).

6

jury instruction D6-A as well, which said:

> Possession of cocaine may be actual or constructive. To establish constructive possession of controlled substances, such as cocaine, the State must prove, beyond a reasonable doubt, sufficient facts to warrant a finding that the Defendant, Akem Grass[a]ree[,] was *aware of the presence and character of the cocaine* and that he was *intentionally and consciously in possession of the controlled substance*. Proximity to the cocaine is usually an essential element but, by itself, is not adequate to prove constructive possession of cocaine in the absence of *other incriminating circumstances* proved beyond a reasonable doubt by the State.

(Emphasis added). The jury was also generally instructed that Grassaree was presumed innocent and that the State must prove all elements of the crime beyond a reasonable doubt.

¶15. When read as a whole, we find that the instructions correctly stated the law. Instructions S-3 and D6-A properly instructed the jury on constructive possession and provided more than the mere "general instructions" on the State's burden of proof and the defendant's presumption of innocence deemed insufficient in *Reith*. Rather, the jury instructions here are consistent with the jury instructions upheld by the supreme court in *Townsend*, 681 So. 2d at 510. In *Townsend*, the jury was instructed that a person "occupying and exercising control over an automobile . . . is presumed to be in possession of [its] contents (i.e.[,] drugs found therein)[.]" *Id.* The supreme court found that although this instruction alone was an incorrect statement of the law, the jury instructions as a whole correctly stated the law because a separate instruction required the jury to find beyond a reasonable doubt that the defendant had exercised "'conscious control' over the illegal substance." *Id.*

7

¶16. To find Grassaree guilty of constructive possession of cocaine, the jury was instructed that it had to find beyond a reasonable doubt that Grassaree "was aware of the presence and character of the cocaine," that he "was intentionally and consciously in possession" of the cocaine, that the cocaine was "subject to [his] control," and that "other incriminating circumstances" must have existed besides Grassaree's mere proximity to the cocaine. We find that the jury instructions correctly stated the law and that the trial court did not abuse its discretion in granting instruction S-3. Grassaree's conviction and sentence are affirmed.

¶17. **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. IRVING, P.J., NOT PARTICIPATING.**